THOMAS BARR, PETITIONER FOR A PRIVATE ROADWAY, Respondent, v. THOMAS M. FLYNN, Appellant.

Kansas City Court of Appeals, January 25, 1886.

1. PRIVATE ROAD—WAY OF NECESSITY—AVERMENTS OF PETITION.—The county court has no power to condemn private land for a private road, *except* when it is a private way of necessity. It being a jurisdictional fact, it is essential that the petition for such way should aver that it is a way of necessity.

2. RIGHT OF WAY—STATUTES OF 1855 REPEALED—SECTION 3951, REVISED STATUTES, NOT AUTHORIZED BY LEGISLATURE.—The chapter on Right of Way (ch. 70, Revised Statutes), was taken by the revisers from chapter 115 of Revised Statutes of 1855, and by them, substantially, incorporated in the compilation of 1879. This act (1855) was omitted from the revision of 1865, and was, therefore, *repealed* by it. Rev. Stat. 1865, ch. 224, sections 2, 5. Again, in 1868 (Laws of Missouri, 1868, pp. 149 to 162), the legislature revised the whole road law, public and private, and no such provision as that of 1855 was incorporated. This was a repeal by implication, and this statute of 1868 was incorporated by the legislature in the revision of 1879. The revisers had no authority to insert it (the act of 1855), in the statutes, and section 3951, Revised Statutes, is of no force.

APPEAL from Saline Circuit Court, HON. JOHN P. STROTHER, Judge.

*Affirmed.*

Statement of case by the court.

This is a petition for a private road-way. The petition to the county court is as follows:

"Your petitioner states that he is an inhabitant of Saline county, state of Missouri. That he is the owner of the following described tracts of land, situated in said county, and upon which he now resides : (Here follows a description of the land). And that no public road passes through or touches said land; and he asks the establishment of a private road, twenty feet in width, from his premises to connect with a public road of the county, known as the old Miami and Boonville road, at some convenient point. Your petitioner desires the location of said road as follows : (Here follows a description of the direction of the road, and the lands, with the owners' names, touched by it). Your petitioner further states that said road is a private way of necessity to him, as he is now fenced off from his school house, church, and the railroad station."

The proper notices were given to the land owners concerned, all of whom gave the right of way, except the defendant.

On a hearing in the county court, the issues were found for the petitioner, and the defendant duly prosecuted his appeal to the circuit court. In the circuit court the defendant demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled ; and on a trial, *de novo*, the court found the issues for the petitioner, and, after assessing the defendant's damages, made the proper order for the opening of the road. The defendant has brought the case here on appeal.

BOYD & SEBREE, for the appellant.

I. The petition of plaintiff is insufficient in this, that it does not show that plaintiff's land was "surrounded, or enclosed, or cut off and shut out from a public highway by the lands of other persons," who refuse to allow him a passway to the *public road*. The county court has no power to condemn land for a *private* road except where it is a "private way of necessity." Const. of Mo., art. 2, sect. 20. The petition must show

that the road *is* "a private way of necessity." *Colville v. Judy*, 73 Mo. 654.

II. A private way of necessity only exists when a man's land is cut off and shut out from a public highway, by the lands of others who refuse to allow him a passway. If he has a private road to a highway, the necessity does not exist. *Cooper v. Maupin*, 6 Mo. 631; *Snyder v. Warford*, 11 Mo. 514.

III. Chapter 70, Revised Statutes, is the only statute which provides a mode of opening a private road, under and in accordance with the constitution. That portion of the road law of 1883, which relates to private roads (Laws of Missouri, 1883, sections 44 to 56), does not provide for the establishment of a private road as contemplated by the constitution.

IV. Under the evidence, the judgment should have been the other way. It appeared that plaintiff's land was not surrounded by the land of other persons, but that it was bounded, for the distance of half a mile, by plaintiff's own land. It did not appear that plaintiff's land was cut off from a highway, and it did not appear that the road asked for was to the nearest highway.

SAMUEL DAVIS, with HENRY STROTHER, for the respondent.

I. Chapter 70, Revised Statutes (1879), has been repealed, and is no longer the law. That statute was taken by the revisers from the Revised Statutes of 1855, and inserted in the present statutes under a mistaken idea that it had not been repealed. It *was* repealed by the revision of 1865. Rev. Stat., 1865, ch. 51, p. 288. In 1868, the same law (1865), was re-enacted, and appears in Wagner's Statutes, p. 1231. These acts were, obviously, intended to cover the whole subject-matter of private roads, and had the effect to repeal the law of 1855, which was incorporated into our present Revised Statutes (1879), without authority. *State v. Roller*, 77 Mo. 120, and cases cited; Rev. Stat., sects. 3144–3161.

II. The petition states facts which show that the

road prayed for is a private way of necessity, sufficient to satisfy both the statute and the constitution. *Cox v. Tipton,* 18 Mo. App. 450; *Snyder v. Warford,* 11 Mo. 513. The finding of the court shows that the court *must* have found it to be a private way of necessity.

III. The constitution says that before property can be taken for a *private* road it must appear to be a private way of necessity. The legislature says (by the acts of 1883), that if certain facts are stated and shown, said property may be taken. This is a legislative construction of the constitution, and a fair one, for if a man has land entirely surrounded by land of others, he is either dependent upon the caprice of his neighbors for a way to a public road, or a private road is a necessity to him. *Snyder v. Warford, supra.* Said act is not unconstitutional. *State v. Able,* 65 Mo. 357.

PHILIPS, P. J.—I. The only question for determination raised on this appeal, is as to the sufficiency of the petition. It is insisted that the county court has no power to condemn private land for a private road, except when it is a private way of necessity. This proposition is correct. Article 2, section 20, of the constitution of 1875, declares: "That no private property can be taken for private use with or without compensation, unless by the consent of the owner, except for private ways of necessity," etc. This provision of the constitution is of controlling force, and being the supreme law of the state, it must prevail over any conflicting legislative act. It being a jurisdictional fact, it is essential that the petition for such way should aver that it is a way of necessity. *Colville v. Judy,* 73 Mo. 654. But this petition does aver "that said road is a private way of necessity," and it is, therefore, in conformity with the constitutional requirement.

II. It is further objected that the petition does not allege that the petitioner's land is "surrounded or enclosed, or cut off and shut out from a public highway by the lands of other persons," who refuse to grant the

right of way. This language is taken from section 3951, chapter 70, Revised Statutes of 1879, which declares that: "When the lands of any person shall be surrounded or enclosed, or be shut out from and cut off from a public highway, by the lands of any other person or persons, who refuse to allow to such person a private road to pass to or from his or her said land, it shall be the duty of the county court, on petition," etc.

This presents the inquiry as to whether this chapter was authorized by the legislature. It appears, from a foot note, appended by the revisers of the General Statutes of 1879, that this chapter was taken from chapter 115, Revised Statutes of 1855, and by them, substantially, incorporated in the compilation of 1879. This chapter was entirely omitted from the revision of 1865, as, also, from Wagner's Statutes of 1870-2. The revisers were of opinion that this chapter had not been directly repealed by the legislature, and that, therefore, it was their duty to incorporate it into the revision. After providing for the constitution of a committee on revision, section 3162, Revised Statutes, 1879, in defining their duties, says, they "are authorized and empowered, after the adjournment of the thirtieth general assembly, * * * to collate, compile, arrange, classify and codify the Revised Statutes for publication, * * * and they shall have power to supply any omission, or correct any error or mistake in numbering or referring to the sections or parts of any act or law, and in compiling such portions of the General Statutes of 1865 as may be incorporated into the Revised Statutes."

I am unable to discover in this power of attorney any authority of the revisers to incorporate the provisions of said act of 1855, omitted from the statutes of 1865. This act of 1855 was omitted from the statutes of 1865. By the express provisions of section 2, chapter 224, of the statutes of 1865, it is declared that: "All acts contained in the Revised Statutes of the state of Missouri, as revised and digested by the eighteenth general assembly, in the years 1854 and 1855, contained in chapters

numbered from one to one hundred and seventy-one, inclusive, in the published edition thereof, and all subsequent acts, of a general public and permanent nature, embodied and re-enacted, in whole or in part, in the General Statutes, or repugnant thereto, *are hereby*, except as provided in the fifth section of this chapter, *repealed.*"

Said section five does not save said chapter of the statutes of 1855. It certainly, therefore, was repealed by the statutes of 1865. It is also quite evident that Judge Wagner, in omitting the act of 1855 from his compilation of 1870-2, which was accepted by the legislature, did not regard it as in force. And, again, in 1868 (Laws of Missouri, 1868, pp. 149 to 162), the legislature revised the whole road law, public and private, and no such provision as that of 1855 was incorporated. As held in *Smith v. State* (14 Mo. 152), and in *State v. Roller* (77 Mo. 120): "A statute is impliedly repealed by a subsequent one revising the whole subject-matter of the first." This statute of 1868 was incorporated by the legislature in the revision of 1879. In view of all of which it is difficult to discover the authority of the revisers to thus revive an act which had thus been treated as obsolete for fourteen years.

The law in force at the time of the presentation of this petition to the county court, was that of 1883 ; (Laws of Missouri, 1883, p. 168), which is, substantially, that of 1879 and 1868. In *Colville v. Judy, supra*, the court held the petition, drawn, apparently, under the act of 1868, as defective, because it failed to state that the road was a "way of necessity." The petition under review contains all the averments of that in *Colville v. Judy*, with the addition required that the road "is a private way of necessity."

The bill of exceptions states that the proof showed that it was such a way, and the judgment of the court shows that the court, from the evidence, found all the essential facts entitling the petitioner, under the consti-

tution, to have relief.   We are of opinion, therefore, that the judgment should be affirmed.   It is so ordered. All concur.