NICKERSON *et al.* v. LYNCH, *Appellant.*

Division Two, October 7, 1896.

1. **Highway**: TOWNSHIP ORGANIZATION: STATUTE.  A substantial compliance with Revised Statutes, 1889, section 8554, relating to establishing public roads on township lines, in counties under township organization, is sufficient.

2. ———: ———: ———: APPEAL: PRESUMPTION. Where the county court on appeal from the township boards in such proceeding has before it evidence that the records of the boards as originally written contained a finding that "the petitioners and owners failed to agree" and that someone attempted to erase it, but it was still visible on the township records, it will be presumed, on appeal to the supreme court in favor of official action that the county court found that the true record showed sufficiently that there had been a failure to agree on the compensation to be paid.

3. ———: ———: ———. Under Revised Statutes, 1889, section 8556, relating to the laying out of a highway on township lines, in counties under township organization, the circuit court will not, on appeal, review the question of damages sustained.

*Appeal from Harrison Circuit Court.*—HON. PARIS C. STEPP, Judge.

AFFIRMED.

*A. F. Woodruff* and *Sallee & Goodman* for appellant.

(1) This is a statutory proceeding *in invitum* to appropriate to the use of the public the land of appellant, and being in derogation of common law and common right, the utmost strictness is required to give it validity, and unless upon the face of the proceeding it affirmatively appears that every essential prerequisite of the law conferring the authority has been fully complied with, every step from inception to termination is *coram non judice.* Only a few of the numerous authorities sustaining this proposition are cited. *Ells v. Railroad,* 51 Mo. 200; *Whitely v. Platte County,* 73 Mo. 30; *Anderson v. Pemberton,* 89 Mo. 61; *Railroad v. Young,* 96 Mo. 39; *Railroad v. Campbell, Nelson & Co.,* 62 Mo. 585; *Cunningham v. Railroad,* 61 Mo. 33; *St. Louis v. Gleason,* 89 Mo. 67; *Fore v. Hoke,* 48 Mo. App. 254; *Taylor v. Todd,* 48 Mo. App. 550; *Ziebold v. Foster,* 118 Mo. 349. (2) The township boards of Bethany

and Jefferson townships, and the joint township board of the two townships are *quasi* courts of limited and inferior jurisdiction, and it must affirmatively appear from their record that every fact necessary to give jurisdiction existed in the particular case, and their judgment will not be assisted by presumptions or implications. *Railroad v. Young*, 96 Mo. 42; *Grignon v. Astor*, 2 How. (U. S.) 319; 1 Black on Judgments [1 Ed.], sec. 282; *State v. Metzger*, 26 Mo. 65; *Versch v. Schneider*, 27 Mo. 101; *Taylor v. Todd*, 48 Mo. App. 550; *Jefferson County v. Cowan*, 54 Mo. 234; *Schell v. Leland*, 45 Mo. 289; *Smith v. Haworth*, 53 Mo. 88; *Ells v. Railroad*, 51 Mo. 200; *Harris v. Hunt*, 97 Mo. 571; *McCloon v. Beattie*, 46 Mo. 391; *France v. Evans*, 90 Mo. 74; *Rousey v. Wood*, 57 Mo. App. 650. (3) It becomes very important in this case to determine what constitutes the record proper of the two township boards and the joint township board. This is somewhat difficult to determine, but from the most reliable authorities it would appear that in this case the record is the petition, remonstrance, surveyor's report, report of the commissioners, and the findings and orders of the different boards as entered of record. Affidavits, certificates, and other documents, although filed, are no part of the record, unless made so by proper order of the boards incorporating them into the record. *Lingo v. Burford*, 112 Mo. 149; *Bateson v. Clark*, 37 Mo. 34; *In re Petition of Gardner*, 41 Mo. App. 589; 20 Am. and Eng. Ency. of Law, 476–485 top, and note 3, 488 top; *England v. Gibhart*, 112 U. S. 502. (4) In this case a legal petition must have been presented to a legal meeting of each of the boards of Bethany and Jefferson townships, otherwise no initial jurisdiction was acquired by the separate boards, and none by the joint board. This proposition is both statutory and self-evident. R. S. 1889, sec. 8554; *Dougherty v.*

*Brown*, 91 Mo. 30; *Warren v. Gibson*, 40 Mo. App.. 475. (5) Each of the separate boards must have acted in an aggregate capacity, as a board, and the record must show that fact, and unless it does there is no jurisdiction. *Johnson v. School Dist.*, 67 Mo. 319; *Kane & Co. v. School Dist.*, 48 Mo. App. 408. (6) This being a direct proceeding, it must appear from the findings of the joint board, that the petitioners and land owners could not agree as to the value of the land taken, otherwise there is no jurisdiction. *Rodgers v. St. Charles*, 3 Mo. App. 41; *Corrigan v. Morris*, 43 Mo. App. 456; *Sloan v. Railroad*, 61 Mo. 24; *Moses v. Dock Co.*, 84 Mo. 242; *Railroad v. Young*, 96 Mo. 39; *Railroad v. Campbell*, 62 Mo. 585. (7) The record must show affirmatively that a majority of all the members of the two boards acting together in a joint board capacity voted to establish the road. R. S. 1889, section 8554; *St. Louis v. Gleason*, 93 Mo. 33; 1 Dillon, Mun. Corp. [4 Ed.], sec. 281, note 4; *Young v. St. Louis*, 47 Mo. 492. (8) In this case two bodies are required to act before the property can be condemned. If either has failed to act, or rather if the record fails to show that both have acted, there is no condemnation. *St. Louis v. Gleason*, 89 Mo. 67; 2 Dillon, Mun. Corp. [4 Ed.], sec. 604. (9) The appearance of appellant in the courts below did not give jurisdiction over the subject-matter so as to supplement the record. *Taylor v. Todd*, 48 Mo. App. 550; *Abernathy v. Moore*, 83 Mo. 65; *Fields v. Malony*, 78 Mo. 172.

*J. C. Wilson* and *Alvord & Frisby* for respondents.

(1) The law disregards formalities in inferior jurisdictions, so that the statute is substantially complied with. *Forbs v. Shellabarger*, 50 Mo. 558; *Mc-*

*Cartney v. Aner,* 50 Mo. 395. (2) The statute expressly declares that the circuit court in this kind of cases has no jurisdiction, except on matters of law under the record, and hence can not hear any evidence as to amount of damages. See R. S. 1889, sec. 8556.

GANTT, P. J.—This is an appeal from the judgment of the circuit court of Harrison county, affirming a judgment of the county court of said county, affirming the joint action of the township boards of Bethany and Jefferson townships in establishing a public road along a part of the line dividing said townships. The respondents were the petitioners for said road and a strip of the land of defendant was condemned therefor and his damages assessed at $20.

The cause has been certified to this court by the Kansas City court of appeals, because the question of condemnation of real estate vests the jurisdiction to hear the appeal in this court. *State ex rel. v. Rombauer,* 124 Mo. 598. It is admitted that Harrison county is organized under the township organization law of this state.

The petition stated every jurisdictional fact necessary to the establishment of a public road, and was signed by the requisite number of petitioners, residing within three miles of said proposed road.

The record discloses that due notice was given of the intended application by the posting of true copies of the petition in each of said townships, Bethany and Jefferson, in three of the most public places in each of said townships, for more than twenty days before the second day of December, 1891. It further appears by the record that in pursuance of said notices the two township boards of the townships of Bethany and Jefferson, met at the office of the township clerk of Bethany township in said county and state on the third day

of December, 1891, in pursuance of an order and agreement to that effect.

. It further appears that there were present at said meeting, Wiley Milligan, member of the Jefferson township board, H. S. Bartlett, trustee, and John T. Hendren, clerk of said Jefferson township, J. R. Cunningham and Richard Lovelace, members of said Bethany township board, J. G. Walker, trustee, and J. W.. Kenyon, clerk *pro tem.*, of Bethany township. At said meeting said board was organized by electing J. R. Cunningham president of the joint board.

The petition was publicly read before the joint board, proof of notice made, and thereupon Hugh Lynch, the appellant, and others, filed a remonstrance. The matter was heard, the road found to be of public utility and practicability and the road commissioner ordered to survey and make his report. This he did in due time, reporting that Hugh Lynch alone refused to relinquish the right of way over a strip eighty rods long and forty feet wide, and off of the south side of the southwest quarter of the southwest quarter of section 32, township 64, range 28, and the north side of the west half of lot number 2 of northwest quarter of section 5, township 63, range 28. Commissioners were duly appointed to assess his damages and made report that they assessed his damages at $20. The report was approved and the road ordered established and opened upon the payment by petitioners of the damages.

Lynch appealed from this order to the county court. In the county court he moved to dismiss the proceedings, but the grounds of his motion nowhere appear in the record. His motion was overruled.

Thereupon, both parties appearing, a hearing was had before the county court of Harrison county on November 16, 1892, and the action and judgment of the

joint board of said Bethany and Jefferson townships in establishing said road and approving the damages assessed were in all things affirmed.

Thereupon said Lynch appealed from said judgment of the county court to the circuit court of said county, and the cause was reached on the thirteenth day of October, 1893, both parties appearing, and said Lynch filed the following motion:

"In the matter of the petition of George Nickerson *et al.*, for a new road; Hugh Lynch *et al.*, remonstrators and appellants.

"Come now the appellants herein and move the court to dismiss the petition and set aside the proceedings in the matter of the petition of George Nickerson *et al.*, for a new road, for the following reasons, to wit.:

"1.  Because there is no finding in the record that the petitioners for said new road could not agree with the owners of the land over which it passed as to the amount of damages said owners had sustained, nor do the proceedings show that any attempt was made by said petitioners and the landowners to agree as to the amount of damages said landowners had sustained.

"2.  Because the record does not show that a majority of all the directors of the two townships concurred in the order establishing said road.

"3.  Because the whole record establishing said road is indefinite and insufficient," which motion was by the court overruled and said Lynch duly excepted.

Afterward, on said day, said cause coming on for final hearing, the said Lynch offered to prove and tendered evidence to prove the amount of damages sustained by him by the laying out and establishing said road and to show they were greater than allowed him by the commissioners and the county court, to the introduction of which evidence the petitioners objected

for the reason that the circuit court had no jurisdiction under the road law to consider the question of damages in the establishment of said road; that the jurisdiction of the county court was final on that question, which objection was by the court sustained, and said Lynch excepted.

The circuit court approved the action of the county court and thereupon said Lynch filed his motion for a new trial in the following words:

"1.   Because the court erred in excluding testimony offered by defendant as to the amount of damages sustained by him by opening said road, and in admitting improper testimony for plaintiffs.

"2.   Because the court erred in overruling defendant's motion to dismiss this suit.

"3.   Because the joint township board had no jurisdiction.

"4.   Because under the law the finding and judgment should have been for the defendant.

"5.   Because the facts which confer jurisdiction to appoint commissioners to assess the damages are not shown by the record."

Which said motion was on said last mentioned date taken up and considered by the court and by the court overruled.

To the action of the court in overruling the defendant's motion for a new trial the defendant at the time excepted.

And on said last mentioned date defendant filed his motion in arrest of judgment, which motion is in words and figures as follows, to wit:

"Comes now the defendant and moves the court to arrest the judgment in this cause for the following reasons:

"1st.   Because on the face of the record the judgment is erroneous, and for the wrong party.

"2nd. Because this court, nor the township board, has no jurisdiction of this defendant, or of the subject-matter of this controversy."

Which was by the court overruled, and said Lynch duly excepted, and thereupon said Lynch appealed from said judgment of the circuit court.

I. By section 8554, Revised Statutes, 1889, it is provided, that public roads may be established on township lines in the same manner as other public roads, except that in such case the petition shall be presented to the board of directors of each township interested, the petition and notice to be as in other cases and signed by not less than twelve householders residing in either township within three miles of said road, whereupon it is made the duty of the township boards of the several townships to be affected thereby to meet and act as one body in the same time and manner as in other cases in considering the petition, ordering a survey and report, appointment of commissioners to assess damages, and making all orders, and a majority of all such directors must concur in all such orders and an appeal is allowed as in other cases to the county court.

In this case the petition fully complied with the law; notices were duly posted for more than twenty days, before the meeting of the two township boards, in three public places in each township. Said petition was presented to each board on December 2, 1891, and thereupon it was ordered that the two boards meet the next day as a joint board and accordingly they met on the third day of December, 1891.

There is no merit whatever in the point made that the joint township board was not duly organized. All the members of the two boards, as constituted by law, were present and one of their members elected president. It appears, moreover, that the petition was filed and proof of notice was made to each board sep-

arately on December 2, 1891, and an order made by the Bethany board for a joint consideration and a meeting of both boards the next day. There was a substantial, if not a literal, compliance with the law, and this is sufficient.

II. As to the contention that the record does not show that the petitioners for the road, and Lynch, had endeavored to agree on his compensation and had failed, it is sufficient to say that the county court had before it evidence that the records of the township boards as originally written contained a finding that "the petitioners and the owners failed to agree," but that someone had attempted to erase it but it was still visible on the records of the townships. The county court had this evidence before it and having found against appellant on his objection on this ground, it must be presumed in favor of official action that the court found that this essential had been observed and that the true record showed that fact, and we are not disposed to question the correctness of its decision, as there was ample evidence to sustain its finding.

III. The remaining point is that the circuit court erred in refusing to hear evidence as to the amount of appellant Lynch's damages.

This point must be resolved by reference to the law governing appeals prosecuted under our statute regulating counties under township organization. By section 8556, Revised Statutes, 1889, it is provided that in all appeals from the judgment or orders of township boards "the county court shall, at their first regular meeting thereafter, proceed to hear and determine all matters of dispute in said proceedings, and shall make an order in said cause, which shall be final as to all matters involved in said proceedings, saving to all landowners through whose land said road may run, and who may not have given the right of way, the right to

appeal to the circuit court of said county *on all questions of law involving the legality of said proceedings*, but on such appeal no evidence as to the utility of said proposed road shall be received, but the action of the county court as to the utility shall be final."

It will be seen that the right of appeal from the county court is confined "to questions of law involving the legality of said proceedings;" that is to say, errors in the record proper.

A question of law alone, it would seem, authorizes an appeal to the circuit court and it sits as a court for the correction of errors of law in such cases, and the illegality must have occurred in the proceedings prior to reaching the circuit court, otherwise there is no ground for an appeal under this statute. Does the appellant's offer to prove the amount of his damages anew in the circuit court in any manner involve the legality of the former proceedings?

The record does not disclose any exception or alleged error in the manner of estimating his damages by the commissioners or in the county court, or any misdirection as to the measure thereof prior to the case reaching the circuit court, and there is no provision in the law for saving or certifying exceptions from a county court to the circuit court.

It was simply an offer to prove anew what had already been proven in the tribunals appointed by law to superintend that inquiry. We do not think the appellate jurisdiction of the circuit court authorized it to ascertain the amount of damages *de novo*. We are confirmed in this view by the history of the legislation on this subject.

In the revision of 1879, it was provided that "the action of the county court as to the laying out, change or vacation of public roads, and *questions as to damages* shall be final, saving the right of appeal as hereinbefore

provided to the circuit court." That section was re-pealed by the act of March 29, 1883, Laws of Missouri, 1883, page 201, section 1. No provision is left for the hearing of appeals in the circuit court "on questions as to damages" in the present act, but the action of the county court thereon is final except upon *questions of law involving the legality of the proceedings*. The offer to introduce evidence to prove damages in no manner raised such a question of law. It was simply an offer to try the case *de novo* as to the amount of damages and the circuit court was not authorized to enter upon that inquiry.

The judgment of the circuit court is affirmed. SHERWOOD and BURGESS, JJ., concur.