# THE STATE ex rel. UNITED RAILWAYS COMPANY of St. Louis v. JOHN WIETHAUPT et al.

**In Banc, December 16, 1911.**

1. **PROHIBITION: Excess of Jurisdiction.** A writ of prohibition will be issued to restrain and prohibit an inferior court from entertaining and exercising jurisdiction in a cause, upon a showing that it is assuming to act judicially in a matter over which it is without jurisdiction.

2. **PRIVATE ROAD: Denied by County Court: Appeal to Circuit Court.** When a county court denies the petition for the establishment of a private road and dismisses the proceeding, its action is a final judgment against the petitioners, and they are under the statutes entitled to an appeal to the circuit court.

3. **———: ———: ———: Under Which Statute: Prohibition.** But in prohibition against the county court to restrain it from proceeding to establish the road, in pursuance to a judgment of the circuit court granting the petition and remanding the proceedings to the county court for the appointment of commissioners, from which the defendants appeal to the Supreme Court, it is material to determine whether such right of appeal from the county court existed and the appeal was allowed under the provisions of section 10440 or of section 3956, Revised Statutes 1909; for, if under section 10440, the circuit court, upon trial anew, is expressly denied the power to· appoint the commissioners, but if under section 3956, then under section 4091 the circuit court tries the case anew as if it had originated in that court.

4. **———: ———: ———: ———: Under Section 3956; Appointment of Commissioners: Prohibition.** An appeal from a final judgment of the county court to the circuit court in the matter of establishing a private road is governed by section 3956, Revised Statutes 1909, and not by section 10440, which·relates wholly to public roads, and has, without amendment or the revision of the article, since 1871, as is shown by its history, whereas section 3956 relates wholly to private roads. In a private road case, if the circuit court, upon appeal and trial anew, grants the petition and orders the road to be established, it has no power to remand the proceedings to the county court for the appointment of commissioners, but has complete and exclusive jurisdiction to appoint them itself and to retain the proceeding and to make all needful orders therein; and if the circuit court

State ex rel. v. Wiethaupt.

remands the proceeding to the county court for the appointment of commissioners, etc., the county court, in attempting to make such appointments, acts judicially without any jurisdiction, and will be restrained by prohibition from so acting.

5. **PROHIBITION: Preliminary Writ Restricted: Permanent Writ Unlimited.** Where the preliminary writ prohibited a county court from proceeding in the matter of establishing a private road until relator's appeal from the judgment of the circuit court granting the petition for the road could be heard in the Supreme Court, and the Supreme Court's decision is that the county court has no jurisdiction whatever over the subject-matter, the writ as to it will be made perpetual.

## Prohibition.

WRIT AWARDED.

*Boyle & Priest, J. C. Kiskaddon* and *T. M. Pierce* for relator.

(1) The circuit court did not by appeal acquire jurisdiction of the subject-matter of the petition of said McDermott Realty Company and John W. Bellairs. The appeal of said petitioners from the judgment of the county court purported to be taken by virtue of section 10440, Revised Statutes 1909. This section first appeared in the road law in Laws 1874, p. 142, section 39. Prior to that time no appeal would lie in road cases. Aldridge v. Shears, 101 Mo. 400. All the road laws scattered through the statutes, including the chapter on bridges, were collected into one act and revised and re-enacted at the revising session of the Legislature in 1909. Laws 1909, p. 727. Some changes were made in the phraseology of this section in the revision of 1909, and the proviso was added to the section, but the subject which might be appealed from was not enlarged. Aldridge v. Shears, 100 Mo. 406. This, then, is the test, that the law as an act pertaining to that subject makes its own provisions in respect of appeals. Dittman v. Moeller, 143 Mo. App. 720; Mayes v. Palmer, 206 Mo. 303; Tie Co. v.

Drainage Co., 226 Mo. 441; Drainage Dist. v. Railroad, 216 Mo. 715; Big Hollow Road, 111 Mo. 326. That an appeal will not lie from an inferior to a superior tribunal except from a judgment from which an appeal is expressly allowed by statute is decided in the following cases: Flick v. Schenk, 212 Mo. 375; Looney v. Browning, 112 Mo. App. 195; Morris v. Morris, 128 Mo. App. 673; Baker v. Schoeneman, 41 Mo. 391; State ex rel. v. Fowler, 108 Mo. 465; Breed v. Hobart, 187 Mo. 140; State ex rel. v. Guinotte, 113 Mo. App. 399. It follows that if no appeal lay from the county to the circuit court from a judgment denying the petitioners' prayer for the opening of an alleged way of necessity, then the circuit court did not have jurisdiction of the subject-matter, had no power or authority to hear the case anew or otherwise, nor any authority to order the county court to proceed in a cause in which it had already rendered final judgment, and when the county court proceeded to obey the void order of the circuit court it was exceeding its jurisdiction and should be stopped by having the present writ made peremptory. (2) Relator's appeal with *supersedeas* bond from the judgment of the circuit court suspended that judgment and no proceeding can be had under it tending to its enforcement pending the appeal. Parker v. Railroad, 44 Mo. 418; Pratt v. Canfield, 67 Mo. 48; State ex rel. v. Klein, 137 Mo. 679; State ex rel. v. Hirzel, 137 Mo. 443; State ex rel. v. Lewis, 76 Mo. 370; Foster v. Rucker, 26 Mo. 495; Ketchum v. Thatcher, 12 Mo. App. 189; State ex rel. v. Ransom, 86 Mo. 327. The county court heard the case and decided it against the petitioners, rendering judgment accordingly. From this final judgment petitioners appealed to the circuit court. If the circuit court had jurisdiction the only question it could try was whether or not petitioners were entitled to a way of necessity. The circuit court found they were, and this was as final as the circuit court could make it. It will be noted that the circuit

court did not remand the case to the county court for a new trial. It found and adjudged as a finality that petitioners were entitled to a way of necessity and peremptorily commanded the county court to proceed with the condemnation of relator's property. There was to be no more trial of the question whether or not petitioners were entitled to a way of necessity. When the county court had proceeded in obedience to the command of the circuit court, all that relator could subsequently appeal from was from an assessment of damages. The right to a way of necessity had been finally and conclusively determined. This is a final judgment.

*B. L. Matthews* and *Joseph C. McAtee* for respondents.

It is apparent from reading section 10440, Revised Statutes, 1909, that the Legislature intended that in road matters final judgments could only be entered by the county court. The power of the circuit court is limited, as it expressly prohibits it from appointing commissioners, and the appointment of commissioners is merely interlocutory—likewise the qualifications of the commissioners and their assessment of damages. The final judgment can only be made when the amount assessed has been paid into the county treasury for the use and benefit of the owner of land appropriated. This is provided by section 10454, Revised Statutes, 1909. The language of this section is specially significant. It provides "if any owner of real estate against whom final judgment has been given as designated in the preceding section," showing clearly that the final judgment contemplated shall be made after the appointment of commissioners and the expiration of the time allowed for fencing. It has been repeatedly held in Missouri and other jurisdictions that the appointment of commissioners in a condem-

nation proceeding is merely interlocutory and in no sense a final judgment. It has also been held in Missouri that the decision of a *nisi prius* court upon the nature and character of the proposed use is likewise merely interlocutory. It is pertinent at the outset to ask the question, "what is a final judgment?" A large number of definitions can be given. A final judgment must appear to be in favor of one party and against the other. It must purport to be the actual and absolute sentence of the law as distinguished from a mere finding that one of the parties is entitled to a judgment. Black on Judgments, sec. 3; State v. Sutterfield, 54 Mo. 394; Railroad v. Railroad, 94 Mo. 542; Stickler v. Tracy, 66 Mo. 465. A judgment, though upon the merits or determining some substantial right, which leaves necessary further judicial action before the rights of the parties are settled, is not final. 1 Freeman on Judgments, sec. 16; State ex rel. v. Klein, 140 Mo. 510; State ex rel. v. Woodson, 128 Mo. 513; Railroad v. Express Co., 108 N. C. 24; Pfeifer v. Crane, 89 Ind. 485. The rule that an appeal lies only from a final judgment, order or decree, seems to prevail throughout the states; and that it cannot be taken upon an interlocutory order unless expressly allowed by statute. A judicial decision is essential as the foundation of an appeal. Powell, Appellate Procedure, sec. 367. The policy of the laws of the several states and of the United States, is to prevent unnecessary appeals. The appellate courts will not review cases by piecemeal. The interests of litigants require that cases should not be prematurely brought to the higher courts. The errors complained of may be corrected in the courts in which they originated; or the party injured might, notwithstanding the injury, have final judgment in his favor. If a judgment, interlocutory in its nature, were the subject of appeal, each of said judgments rendered in the case could be brought before the appellate courts, and litigants harassed by

useless delay and expenses and the courts burdened with unnecessary labor. 1 Freeman on Judgments, sec. 33. Not even by agreement could parties take an appeal to the Supreme Court unless there is a final judgment. Shroyer v. Lawrence, 9 Ind. 322; Wingo v. State, 99 Ind. 343; Elliott on Roads and Streets (3 Ed.), sec. 413; Railroad v. Railroad, 94 Mo. 535. The finding of the circuit court that the property sought to be appropriated from relator constituted a way of necessity, was a decision of but one issue in the case, and consequently not a final determination. Express authority for this statement is to be found in the case of State ex rel. v. Engelman, 106 Mo. 628; State ex rel. v. Edwards, 104 Mo. 125; Luxton v. North River Bridge Co., 147 U. S. 337; Telephone Co. v. Railroad, 87 Va. 349; Ludlow v. Norfolk, 87 Va. 319. The order of a county court appointing commissioners to ascertain what would be a just compensation to the plaintiff in error for establishing a road across a strip of ground owned by it was not a final order and the appeal therefrom to the circuit court was improvidently awarded and should have been dismissed. Richmond T. & P. R. Co. v. Johnson, 38 S. E. (Va.) 195; Village of St. Johnsville v. Smith, 61 App. Div. N. Y. 380; Railroad v. Newton, 133 N. C. 132; Aull v. Day, 133 Mo. 347; Walker v. Walker, 119 Mo. App. 503. It is plain that relator has misconceived its remedy. Prohibition will not lie in a case of this kind, as any party aggrieved has a full remedy by appeal to the circuit, where the case is tried anew. The action of the county court, therefore, in the present instance, is not a usurpation of judicial authority, but at most error for which the proper remedy of the party aggrieved is by appeal. State ex rel. v. Seay, 23 Mo. App. 623. The county court has power to hear and determine petitions in condemnation proceedings, and while that jurisdiction is statutory and limited, the law provides ample means to prevent its erroneous

exercise, as it is settled that appeals lie from its judgments in such proceedings. And while proceedings before the county court are pending, this court cannot determine whether its ultimate action will result in a judgment beyond its jurisdiction. It follows that the writ must be denied. State ex rel. v. Heege, 39 Mo. App. 49. If, at any stage of the proceeding, it appeared that the proposed use was not a public one (way of necessity), the appropriation of property would be denied. Shoppert v. Martin, 137 Mo. 455; Railroad v. Railroad, 94 Mo. 535.

KENNISH, J.—This is an original proceeding by prohibition. Upon the filing of the petition a preliminary rule in prohibition was granted as prayed, and for return respondents filed a general demurrer to the petition. Relator is the United Railways Company of the city of St. Louis. The respondents are the judges of the county court of St. Louis county, and three commissioners appointed by the said court in the matter of a proceeding for a private road petitioned for through relator's land.

It appears from the facts stated in the petition, and admitted by the demurrer, that the McDermott Realty Company and John W. Bellairs (hereinafter referred to as petitioners), after having given due notice to relator, filed a petition in the county court of St. Louis county, asking for the establishment of a private road through relator's land to a public road. Upon the presentation of the petition to the county court, relator filed objections thereto which, upon a hearing, were sustained and the petition denied. The petitioners appealed to the circuit court. The record before us does not contain the objections filed in the county court, nor the judgment of the court denying the petition, and we are left in the dark as to the character of the judgment from which the petitioners ap-

pealed. However, in the view we have taken of the case, we do not regard this omission as important.

The case was tried on appeal in the circuit court and judgment rendered that "the petition of the petitioners for a private road be and is hereby granted, and that these proceedings be now remanded to the county court of the county of St. Louis for the appointment by that tribunal of three disinterested commissioners to view the premises and mark out said private road and assess the damages to the owner or owners of the land through which it will pass, and make report to said county court as required by law, and for such other and further proceedings in and by said county court as provided by law." From the judgment of the circuit court relator appealed to this court and filed a *supersedeas* bond in the sum of one thousand dollars. After the cause was remanded to the county court for further proceedings in conformity with the judgment of the circuit court, the county court appointed commissioners to view the premises, mark out the road, etc., whereupon relator applied for and obtained from this court the preliminary rule in prohibition against the judges of the county court and the commissioners so appointed, prohibiting them from entertaining or exercising further jurisdiction in the cause until the appeal of the said relator from the judgment of the circuit court to this court should be finally determined, and that respondents be required to show cause, if any they have, why said writ of prohibition should not be made perpetual.

By filing the demurrer to relator's petition, respondents challenge relator's right to the writ of prohibition upon the facts stated, and the issue of law is thus raised, Was the county court acting within its jurisdiction, in the proceeding to establish the private road petitioned for, at the time of the issuance of the preliminary rule by this court? It is the settled law of prohibition that the writ will be issued to restrain

and prohibit an inferior judicial tribunal from entertaining and exercising jurisdiction in a cause, upon a showing that such tribunal is assuming to act judicially in a matter in which it is without jurisdiction, and if there was a want of jurisdiction in respondents, as judges of the county court, to act judicially in the matter complained of in the petition and under the facts as therein stated, then relator was entitled to the writ. [Morris v. Lenox, 8 Mo. l. c. 253; State ex rel. v. Stobie, 194 Mo. 14; State ex rel. v. Tracy, 237 Mo. 109.]

There is no disagreement between the parties hereto as to the exclusive original jurisdiction of the county court in a proceeding for the establishment of a private road. The controverted propositions are as to (1) the right of the petitioners to an appeal to the circuit court from the judgment of the county court dismissing the petition; (2) the section of the statutes under which an appeal is allowed, if at all, in such a case; and (3) the effect of such an appeal as to the subsequent proceedings in the cause.

The statutes to be considered in determining the questions thus presented are sections 10440, 3956 and 4091, Revised Statutes 1909, and, so far as material, are as follows:

"Sec. 10440. Appeals to the circuit court shall be allowed either party from the judgment of the county court assessing damages, or for opening, changing or vacating any road, and upon such appeal the circuit court shall proceed to hear and determine the same anew; but no commissioner shall be appointed by the circuit court, nor shall any appeal, prior to the determination thereof in the circuit court, operate as a *supersedeas* of the proceedings of the county court. . . .

"Sec. 3956. The circuit courts in the respective counties in which they may be held shall have power and jurisdiction as follows: . . . Fourth. Appel-

late jurisdiction from the judgments and orders of county courts, probate courts and justices of the peace, in all cases not expressly prohibited by law. . . .

"Sec. 4091. In all cases of appeal from the final determination of any case in the county court, such appeal shall be prosecuted to the appellate court in the same manner as is now provided by law for the regulation of appeals from justices of the peace to the circuit courts, and when any case shall be removed into any court of appellate jurisdiction by appeal from a county court, such appellate court shall thereupon be possessed of such cause, and shall proceed to hear and determine the same anew, and in the same manner as if such cause had originated in such appellate court, without regarding any error, defect or informality in the proceedings of the county court."

When the county court denied the petition and dismissed the proceeding for the private road, that action was a final judgment against the petitioners, and they were clearly entitled to an appeal to the circuit court. [Sec. 3956, R. S. 1909; Colville v. Judy, 73 Mo. 653; Fitzmaurice v. Turney, 214 Mo. 610; Cox v. Tipton, 18 Mo. App. 450.] It is material in the decision of this case to determine whether such right of appeal existed and the appeal was allowed under the provisions of section 10440 or of section 3956. For, if under the former, the circuit court, upon trial anew, is expressly denied the power to appoint the commissioners, such power remaining exclusively in the county court. But if the appeal was taken by virtue of said section 3956 then, under section 4091, the circuit court became possessed of jurisdiction to try the case anew, "in the same manner as if such cause had originated in such appellate court, without regarding any error, defect or informality in the proceedings of the county court." An inspection of these several statutes makes it apparent that if section 10440 was not applicable, then the circuit court was unrestricted as to the ap-

pointment of commissioners upon a trial *de novo,* and, as under the express provisions of section 4091, the circuit court was required to try the case as if it had originated in that court, the appeal completely divested the county court of all jurisdiction and vested the same in the circuit court, with full power to proceed and to take all steps necessary to a final determination of the cause.

The learned circuit judge who tried the case on appeal from the county court held, as shown by a memorandum filed in the case and set out in respondents' reply brief, that an appeal from the county court to the circuit court, in a private road case, is now governed by section 10440, and remanded the case to the county court for the appointment of commissioners and such further proceedings in said county court as are required by law. In this view of the law we cannot concur. Until the revision of 1879 the public road law and private road law were placed in separate articles of the statutes. [See Wagner's Statutes 1872, chap. 120, arts. 1 and 2.] What is now section 10440 was then found in the article applicable to public roads, but not in the private road law. In that revision the entire road law, both as to public and private roads, was placed in one chapter, but not in separate articles as before, and so it has remained through all subsequent revisions. Although placed in the same chapter and article since 1879, all of the provisions of the law as to each kind of road are found connectedly and separately in the statutes, forming two systems, and the provisions of one are not made applicable to the other.

In the case of Colville v. Judy, 73 Mo. 653, decided in 1881, this court held that an appeal from the county court to the circuit court, in a proceeding for the establishment of a private road, was allowed, not under what is now section 10440, but by authority of section 3956.

If no amendment has been made to section 10440, since the decision in the Colville Case, that would broaden its scope so as to include appeals in private road cases, it must follow that the appeal from the judgment of the county court was not governed by the provisions of that section. The only amendment that has been made to section 10440, since the Colville Case was decided, was that of 1909. Prior to that amendment the law had existed unchanged for a period of nearly forty years, and was as follows:

"In all cases of appeals being allowed from the judgment of the county court, assessing damages, or for opening, changing or vacating any road, the circuit court shall be possessed of the cause, and shall proceed to hear and determine the same anew; but no commissioner shall be appointed by the circuit court, nor shall any appeal prior to the determination thereof in the circuit court operate as a *supersedeas* of the proceedings of the county court." [Laws 1871, 1872, p. 148; Sec. 9419, R. S. 1899.]

Under the law as it then stood, this court held that an appeal would lie in a public road case only from a judgment of the county court "assessing damages or for opening, changing or vacating any road," and would not lie from a judgment refusing to open, change or vacate such road. [Aldridge v. Spears, 101 Mo. 400; In re Big Hollow Road, 111 Mo. 326.] The petitioners were thus denied an appeal from an adverse judgment in the cases mentioned, except from a judgment assessing damages. By the amendment of 1909 *either party* was given the right of appeal from such judgments, but such right of appeal remains only as to judgments "assessing damages, or for opening, changing or vacating any road." The right was not extended except as to the parties entitled to an appeal. The words "any road," as used in section 10440, in connection with the judgment from which an appeal is provided for, were not intended to include a private road,

for they were in the law when the Colville Case arose and have remained there until the present time. The section as amended retains its former place as a part of the public road law, and no changes were made by the amendment indicating an intention to extend its scope so as to include the case of a proceeding for the establishment of a private road.

Our conclusion is that an appeal in a private road case is still authorized by section 3956, and not by the section governing appeals under the public road law. It follows that when the circuit court became possessed of jurisdiction on the appeal of the petitioners, it had complete and exclusive jurisdiction to proceed therein to a final determination of the case. No part of the jurisdiction remained in the county court for any purpose. And as the county court was not authorized to appoint commissioners or to exercise any jurisdiction whatever in the matter after the appeal to the circuit court, it was, under the facts stated in the petition, attempting to act judicially in a matter in which it was without jurisdiction, and the relator was entitled to the writ.

The preliminary writ prohibited respondents from entertaining or exercising jurisdiction in the matter of the petition for a private road as described "until the appeal of said relator from the judgment and decision of the said circuit court to the Supreme Court of said State be finally ended and determined in said Supreme Court," etc. In accordance with the views herein expressed, the preliminary writ is modified so as to perpetually prohibit the respondents from entertaining or exercising any jurisdiction whatever in said case.

The preliminary writ, as modified, is made perpetual. All concur.