HENRY RICHTER v. SARAH RODGERS and AMANDA FREEMAN, Appellants.—37 S. W. (2d) 523.

Division One, March 31, 1931.

*Horace Ruark* and *Leo H. Johnson* for appellants.

*D. H. Kemp* for respondent.

STURGIS, C.—This suit originated in the County Court of Barry County, wherein plaintiff as petitioner filed in that court a proceeding to have established a private road for his use over land belonging to the defendants, as provided by Section 10638. Revised Statutes 1919. After stating that the petitioner owned and resided on certain land in that county and that no public road passed through or touched said land, he asked for the establishment of a private road twenty feet wide from his premises to connect same with the established public road from Fairview, Missouri, to Purdy. Missouri, over the lands of the defendants, describing same, and the petition then proceeds: "He further states that said road herein prayed for is one of great necessity and indispensable to petitioner, as he has no outlet to church, to post office, to market, or to school, and that the road herein prayed for is the most direct and convenient that could be selected and is now and has been for many years the location of a roadway which passes from the lands of petitioner. over the lands of others, to the public road herein mentioned."

The defendants appeared in said county court and filed therein what is termed an answer and response, in which defendants say:

"The undersigned expressly deny the allegation of petitioner's application, and state to the court that the proposed location of such private road is not a way of necessity. That the petitioner has several more direct and more convenient ways out from his said, premises to the public road running east and west alongside the south section line just one mile south of the public road proposed to be joined by said petitioner by the route laid out or referred to in his said application. That said public road one mile south is not only a closer, more direct and a more convenient road, but permits the petitioner to secure his mail of a morning rather than during the afternoon of the same day, although on the same mail route; and also permits him closer connection with school, church and market. That private roads can be located by the petitioner at small cost and with consent of landowners through whose premises such road would pass, on section lines or quarter or half section lines, whereas the proposed road through the undersigned landowners' premises would greatly damage such owners beyond what the reasonable value of such damages would be in money, on account of the peculiar formation, location and width and length

of the premises or tract of land sought to be invaded by the petitioner."

The defendants then state that the proposed private road would have to cross a certain water course and "that such water course is frequently impassable even for vehicular traffic, whereas the other proposed and suggested routes are ones in which the petitioner could travel at all times of the year, there being no water hazards therealong."

The defendants set out at some length and in detail how and why the proposed road would damage the defendants' land. The prayer is that the petition be dismissed.

The County Court of Barry County then rendered a judgment which, after reciting the appearance of the parties in person and by attorney, says: "Thereupon, the court having read and understood said petition and motion (answer), found that no public road passes through or touched said petitioner's premises and that a private road for petitioner's use and benefit should be established from his premises to connect with the public road of the County of Barry, as prayed in his petition. It is further ordered by the court that (three persons named therein) be and they are by the court appointed commissioners, to view the premises of the petitioner (describing the same), and also the premises of the landowners (describing the same), and to mark out the said road and to assess the damages, if any, to the said Sarah Rodgers and Amanda Freeman, after taking the oath as prescribed by law, and that said commissioners make their report to this court at its regular term, in the manner provided by statute."

This judgment and order appointing commissioners was entered in such county court on April 16, 1927. On that same day the defendants filed their affidavit for appeal to the circuit court, but said defendants, a few days later and before any order was made allowing the appeal, voluntarily dismissed the application for appeal and abandoned the same. Of course an appeal was then premature. The county court then renewed its order appointing the same persons as commissioners to view, mark out the road, and assess the damages. The commissioners complied with this order and filed their report marking out the road as directed and assessing damages to each defendant. This report was filed in the county court on May 4, 1927, at its May term, and on the next day, May 5, the county court made and entered judgment confirming this report of the commissioners specifying the particulars of the road by courses and distances and the amount of damages allowed each landowner, and then recites: "And it further appearing that said proceedings have been regular and no objection having been made thereto, it is hereby ordered by the court that said road be estab-

lished according to the report of the said commissioners." The court further ordered the payment of the damages as assessed by the commissioners to the defendants and the costs.

The defendants at the same term of the county court and on May 13, 1927, notwithstanding the previous judgment confirming said report, appeared and filed objections and exceptions to said report of the commissioners, specifying as objections thereto, among other things: "First, because the county court rendered judgment in the above cause on the 16th day of April, 1927, during the regular February 1927 term of said court, establishing the private road described in the application of said petitioner Henry Richter without hearing any evidence whatever from any person or persons, including Sarah Rodgers and Amanda Freeman, who had entered their appearance in said cause and filed their motion therein denying that said proposed private road was a way of necessity, also setting forth other reasons why the application of said petitioner should be dismissed. . . . Fifth, because the amount of damages as assessed by said commissioners is wholly insufficient and does not compensate said Sarah Rodgers and Amanda Freeman for the damages sustained. Sixth, because such road as laid out is not a way of necessity. Seventh, because said court on the 5th day of May, 1927, approved said report of said commissioners without hearing any evidence on the question of way of necessity or permitting time for filing objections thereto, and on said date made an order establishing such road, all contrary to law."

It is recited therein that these objections were filed within ten days after the filing of the commissioners' report, but we find no statutory proceeding requiring the county court to wait ten days or any specified time for the filing of objections. However, without waiting for the county court to take any action on the objections so filed, the defendants on the same day of filing same also again filed an affidavit for appeal to the circuit court. No action was taken by the court on this affidavit for appeal except that on June 21, 1927, at the same term of filing same, the defendants filed in writing their dismissal of the affidavit for appeal and prayed the county court "to set down for hearing their written objections to the report of the commissioners with motion to quash such report," reciting that their objections to the report of the commissioners was filed as soon as reasonably possible after learning that said report had been made and filed by said commissioners.

Thereupon, the county court sustained defendants' said motion, made its order setting the case down for hearing on July 11, 1927, and gave defendants notice of its action. On the day thus set for hearing in the county court the defendants appeared and form-

ally dismissed their application for appeal and filed their motion striking out and withdrawing the fifth paragraph of their objections to the commissioners' report relating to the insufficiency of the damages awarded. The county court, however, according to its record, "announced it would submit to a jury the question of damages the said Sarah Rodgers and Amanda Freeman had sustained, if any, by reason of the establishing of said private road, and to all of which the said Amanda Freeman and Sarah Rodgers by their attorney in open court declined *at this stage of the proceedings* in said court."

Thereupon, on the same day, July 11, 1927, the county court made the further order, to-wit: "Now on this day the court, having further considered the motion filed in said cause by Sarah Rodgers and Amanda Freeman to quash the report of the commissioners filed in said cause, . . . doth further order and adjudge that the said motion filed by the said Sarah Rodgers and Amanda Freeman in said cause to quash the report of the commissioners in said cause be and the same is by the court overruled."

Here the matter ended in the county court.

The defendants in due time, that is within ninety days, as provided by Section 1486, Revised Statutes 1919, applied to the judge of the Circuit Court of Barry County for a writ of error on the judgment of the county court in this matter. This writ was granted returnable to the November Term, 1927, of the Circuit Court of Barry County. In due time the county court made return to the writ of error, and, as commanded, certified to the circuit court all its proceedings, inclusive of the original files relating to this matter of establishing and opening a private road, the substance and material parts of which we have heretofore set out.

When the matter came on for hearing in the circuit court, the plaintiffs in error (defendants), as the record recites, offered to show and prove by a witness then present that "he was present in the County Court of Barry County on April 16, 1927, at the hearing of the application of Henry Richter for the opening of a private road across the real estate of defendants, Sarah Rodgers and Amanda Freeman, and that on that occasion the County Court read the petition of the defendant in error, Henry Richter, and thereupon read the motion to dismiss the written objections filed by the plaintiffs in error, and thereupon, without hearing any testimony, found in favor of Henry Richter and ordered that the road be established, notwithstanding the fact that the said Sarah Rodgers and Amanda Freeman appeared with witnesses for the purpose of showing and establishing to the County Court that the allegations set forth in their motion to dismiss were true and other matters and things pertinent to the inquiry and which would show

and establish to the County Court the fact that the private road prayed for in the petition of said Henry Richter was not a way of necessity.'' It was stated that the purpose of this evidence was to permit the circuit court to pass upon the writ of error with full knowledge of the facts and as supplemental evidence or information *in addition to the transcript filed herein* and the original rolls and pleadings from the court below.

The plaintiff objected to the offered evidence on the ground that as this case is brought before the court on a writ of error, the same cannot be tried *de novo* but only by way of review, and for the reason that such evidence, if admitted, tends to contradict and impeach the record of the county court. The circuit court sustained such objection. The record of the county court was then submitted to the circuit court and that court entered its judgment reciting that the cause was submitted to the court, and ''after hearing all the evidence and proof offered, the court finds no error of record was made. It is therefore considered and adjudged that the writ of error be and the same is by the court dismissed and that the plaintiff have and recover of the defendants his costs herein laid out and expended.''

Under the ruling of this court in Nickerson v. Lynch, 135 Mo. 471, 475, and City of Tarkio v. Clark, 186 Mo. 285, 294, the title to real estate is involved in a proceeding to establish a private road, and this court has jurisdiction of the appeal.

By express provision of our statute, Section 1486, Revised Statutes 1919, a writ of error shall issue, as a matter of right, from the circuit court to the county court on a final judgment of that court. This proceeding to have a private road established in favor of plaintiff over the lands of defendants was, on final judgment of the county court, properly brought before the Circuit Court of Barry County by its writ of error.

A writ of error, however, does not bring up a case from the county court to the circuit court for trial anew in such court, as does an appeal. By express provision of our statute, *an appeal* from a county court removes the case to the circuit court, which shall then proceed to hear and determine the same anew, in the same manner as if it had originated in that court, and without regarding any error, defect or informality in the proceedings had in the county court. [Sec. 2584, R. S. 1919.] The same method of procedure is had therein as in appeals from justices of the peace to the circuit court. See also Section 2436, Revised Statutes 1919, giving jurisdiction to circuit courts on appeals from county courts, probate courts and justice courts. As said in State ex rel. v. Wiethaupt, 238 Mo. 155, 165: ''The circuit court was required to try the case

as if it had originated in that court, and the appeal completely divested the county court of all jurisdiction and vested the same in the circuit court with full power to proceed and take all steps necessary to a final determination of the cause," including the appointment of new commissioners where necessary. [Allen v. Welch, 125 Mo. App. 278, 287.]

By reason of the statutes just mentioned, there is much difference in the procedure to be had in the circuit court on an appeal from the county court and that to be had on a writ of error. Except for the statutory provision for a trial *de novo,* an appeal from the county court to the circuit court would merely bring up the record of the county court for review, just as a certiorari would do. [Colville v. Judy, 73 Mo. 651, 653; Fitzmaurice v. Turney, 214 Mo. 610, 628.] There is no statutory provision for a trial *de novo* in the case of a writ of error, so that as at common law, a writ of error "issues out of the superior court and commands the judge of the trial court to send up the record of the case for examination as to error of law." [2 R. C. L. 27.] This writ of error is limited to a review of the record and correction of errors of law, and not of fact, and to the errors appearing on the face of the record only. [3 C. J. 306, 307.] The circuit court, therefore, did not err in refusing to hear oral and supplemental evidence as to what transpired in the county court on the hearing of plaintiff's application to establish a private road. Error could not be shown in that way and the circuit court could try such matter on the record only.

Defendants' most insistent complaint is that the county court refused to hear their evidence when offered on the issue raised by their answer of the road in question not being one of necessity, and that the county court arbitrarily or from personal knowledge or information found such fact, and not from proper evidence. The record of the county court on that matter is that, "Thereupon the court having read and understood said petition and said motion, found that no public road passes through or touched said petitioner's premises and that a private road for said petitioner's use and benefit should be established from his premises to connect with the public road of Barry County, as prayed in his petition."

If this record does show that the court acted arbitrarily and refused to hear the evidence, then there was no need of oral evidence to that effect being heard by the circuirt court. The record strongly implies, however, that the county court did hear evidence, and we will not presume that its finding that no public road passed through or touched plaintiff's premises was made arbitrarily and with its ears closed to all evidence. If the county court considered improper evidence in this matter or rejected competent and proper

evidence, that was an irregularity which could have been remedied by appeal to the circuit court and a trial *de novo* there had. The record of the county court does not show any such error and the proffered evidence tends to add to, if it does not contradict, the record of that court.

The circuit court properly reviewed the record of the county court and found and adjudged that "no error of record was made" by such court. It is insisted, however, that there is a fatal defect in such record in that there is no affirmative finding that the private road in question is a "way of necessity." This is, of course, jurisdictional, as it is a taking of private property for private or semi-private use, which, under our Constitution, cannot be done unless it is a way of necessity. The petition for the road is certainly ample in this respect as it not only alleges the facts showing it to be a way of necessity, in that plaintiff has no access to a public road from his land, but that the road prayed for is one of "great necessity and indispensable" as an outlet to church, post office, market and school. Nor does defendants' answer deny that the proposed road is a way of necessity, but rather that it is not the only or exclusive way of necessity available to plaintiff in that there is another or other "ways of necessity" available to plaintiff by another route and connected with a different public road and over other persons' lands, just as or more convenient and less expensive, and causing less damages (to defendants at least) than the one asked for. It is not necessary for us to decide to what extent this defense may be considered by the county court in establishing a private way of necessity. The necessity exists, but as to the method of relieving the necessity, some discretion might well be exercised by the county court, but that would not be jurisdictional. The statute, Section 10638, Revised Statutes 1919, provides that the petition shall so designate the road as to connect the plaintiff's land with a public road "at some convenient point" and shall "describe the place where said road is desired, and the width desired." The next section provides that the commissioners shall perform their duties under the order of the county court and shall view the premises and mark out the road "so as to be convenient and to do as little injury as practicable to other persons," but as to forcing on the plaintiff an entirely different outlet than he has selected and asked for, though giving him a way of necessity, is doubtful at least.

Defendants insist that the case of Cox v. Tipton, 18 Mo. App. 450, holds that it is a complete defense to establishing a designated way of necessity to show that there is another more available road, and less expensive in damages, which is responsive to plaintiff's demand for a way of necessity, but we do not so read that

case. It is there said that "the fact that the way is one of necessity, that is, strict necessity and not mere convenience, is a jurisdictional fact and must be alleged and proved affirmatively." But the court also said: "From all the authorities referred to, it is clear that when a way is claimed of necessity, it is a good answer to show another way which the party may use." And further, that "a way, as here meant, is a legal way, to use which one has a legal right, which may be enforced and which may not be rightfully interfered with." The court there held no more than if it be shown that the plaintiff already has a road open and in use over which he has acquired an enforceable easement, then he is not in a condition to demand a way of necessity.

In Belk v. Hamilton, 130 Mo. 292, 299, the court said: "It is error to suppose that a private road, as defined by statute, is sanctioned only by the constitutional provision which authorizes private ways of necessity. [Constitution 1875, art. 2. sec. 20.] . . . But that section of the organic law certainly did not restrict those statutory highways called private roads to 'ways of necessity,' known to the common law as well as to the jurisprudence of Missouri. . . . A private road, within the meaning of the statutes authorizing its opening, is subject to *public use* as a thoroughfare, and compensation to those damaged by it must be paid, under our positive law. . . . But such a road is obtainable at the instance and expense of some person or persons especially benefited by it."

The defendants next urge that a private road can only be established on the assessment of damages by three *disinterested* commissioners appointed by the county court for that purpose, and that a failure of the record to show this fact is fatal to the jurisdiction of the court and renders the proceeding void, citing City of Tarkio v. Clark. 186 Mo. 285. 298; and many other cases might be cited to like effect: Fore v. Hoke, 48 Mo. App. 254; Jones v. Zink, 65 Mo. App. 409, 413. The objection to the record of the county court is that it no where recites that the commissioners appointed were disinterested. though their names are given with their places of residence. The question arises whether the doctrine announced in the cases mentioned is applicable in this proceeding to establish a private road, and whether defendants have not waived any such error. The rationale of that doctrine is that a condemnation proceeding is the exercise of the right of eminent domain, is a proceeding *in invitum* and the law authorizing it must be strictly construed, and every condition and requirement must be shown to have been complied with. When the public is interested in the proceeding, there is no one who can waive strict performance of every condition, and as nothing will be presumed, there is no way of showing

compliance except by the record. Hence the rule is that unless the record of the tribunal exercising the power shows strict compliance with every condition and requirement, the proceeding is void. [Allen v. Welch, 125 Mo. App. 278, 285.] But this rule is not applied in all strictness to the establishment of a private road. In the case just mentioned—a proceeding like this—the court, speaking of the jurisdictional fact of personal notice to the landowner, said:

"But it must be observed that there is an important and material difference between the nature and functions of a notice required to be given in proceedings for the establishment of a public road and one for the laying of a private road. In the former class, . . . being a public notice designed to inform the landowning public of a proposed improvement, manifestly no individual or class of individuals could waive it, and in its very nature, the giving of it is just as essential a prerequisite to the conferring of jurisdiction over the subject-matter as is any other jurisdictional fact or act. But in the establishment of a private road, the public has no interest and consequently no right to be heard. The proceeding is one strictly between the petitioner and the owner over whose land he seeks to have the way established. The only office of the notice is to bring the person of the defendant landowner within the jurisdiction of the court. It is analogous to a summons in an ordinary civil action, and while a defendant has the right to insist that it be served in the manner provided by statute, he may waive that right as a defendant may in any other kinds of actions. The giving of a notice is not an act relating to the subject-matter of the proceeding, and defendant could and did by general appearance subject himself to the jurisdiction of the court. [Cases cited.]"

The court then held that this defect of personal notice was cured by the landowner appearing and participating in the further proceedings.

That the defect in question is not jurisdictional and going to the whole case, is held in Chandler v. Reading, 129 Mo. App. 63, which was a proceeding "to establish a private road in Pike County, Missouri, leading from plaintiff's land over the lands of defendants to a public road. The proceedings in the county court resulted in the assessment of damages and a judgment of the county court establishing the road. Defendants appealed to the circuit court, where on trial anew damages were assessed by a jury and the road established by the judgment of the court, from which judgment defendants appealed to this court" The order appointing commissioners to assess damages is set out at page 66 of that report and does not show them to be disinterested. The defendants there also contended that "because the county court failed to find, when

the petition was presented, that petitioner was an inhabitant of Pike County, and also failed to find that the private road asked for was a road of necessity, the court did not acquire jurisdiction over the subject-matter and all subsequent proceedings were null and void. . . . It has been repeatedly held that the statute must be strictly construed and that it must appear that the road proposed is a way of necessity. All the facts which the statute says must exist to authorize the establishment of the road proposed should be affirmatively found by the county court and recited in the judgment establishing the road. These were found by the court and recited in its final judgment, but they were not found before, or at the time the court appointed the commissioners. We do not think the statute contemplates that the county court must find the road proposed a necessity as preliminary to appointing the commissioners. The jurisdiction of the court to act under the statute was conferred by the presentation of the plaintiff's petition containing all the necessary statutory averments to entitle plaintiff to the relief prayed for, and proof of due notice to defendants that he would present his petition on the day it was presented. [Wilhite v. Wolf, 179 Mo. l. c. 479.] . . .

"As jurisdiction attached to hear and determine the cause by the filing of the petition and due service of notice on defendants, we think it was immaterial at what stage of the proceedings the court found the road proposed was a road of necessity, or that petitioner was an inhabitant of Pike County. It is enough to know that the court found these facts affirmatively at some stage of the proceedings; they were found and are recited in its final judgment; this is sufficient." [See Conner v. St. Joseph, 237 Mo. 612, 620.]

This matter received consideration by this court in State ex rel. v. McElhinney, 246 Mo. 44, where the circuit court on appeal from the county court in a private road proceeding, held that the county court lost jurisdiction to proceed further for failure of its record to show that the petitioner was a resident of this State. The holding there is that the failure of the county court to make a finding of any collateral jurisdictional fact at the proper time, or at any time where the right to appeal is exercised, is not fatal since such appeal takes the whole case to the circuit court for trial *de novo,* and as there said: "The case on appeal stands for trial anew, and the appellant has the right, and it is incumbent on him, to make proof of every material fact necessary to entitle him to judgment. Nor is it material at what stage of the proceedings such proof be made, for if made at any stage and a finding to that effect is shown, that is all that is necessary. [Citing Chandler v. Reading, 129 Mo. App. l. c. 70.] For the foregoing reasons we have concluded it was not essential to the jurisdiction of the circuit court that it

should have appeared either in the petition or in the record of the county court that the petitioners were inhabitants of this State, and further that the circuit court was possessed of complete jurisdiction to proceed to hear and determine the cause." The court had previously ruled in this same opinion that "the statutory requirement as to the inhabitancy of the petitioners not being alleged in the petition. it was not essential to the jurisdiction of the circuit court that it should have appeared in the record of the county court." and pointed out the difference between a proceeding to establish a public road and one to establish a private road, and held that the county court by failing to make a proper finding of an essential fact. or by making an improper finding thereon, could not cut off jurisdiction to proceed further since such finding could be made at any stage of the proceeding, even in the circuit court on appeal.

The record here shows that the defendant landowners appeared in the county court and by answer challenged the petitioner's right to the particular road asked for, as not being a way of necessity where there were other equally available routes. They later filed objections to the report of the commissioners appointed to mark out the road and assess damages, but did not raise the objection that the commissioners lacked the qualification of being disinterested. In fact, when defendants' objections came on to be heard, they specifically withdrew their objections as to the damages assessed being inadequate and refused the court's offer to call a jury to try that question. Nor did any of the objections made at any time suggest any misfeasance or non-feasance of the commissioners or their disqualification. The defendants then chose to abandon their appeal to the circuit court. where on trial *de novo* that court would hear the whole matter as if originating there and disregarding "any error. defect or informality in the proceedings of the county court," and could have appointed new commissioners if found necessary. [State ex rel. v. Wiethaupt. 238 Mo. 155.] The defendants should not be allowed to profit by abandoning their appeal and suing out a writ of error apparently for the purpose of *tying* the hands of the court to correct mere errors of omission in the record.

The judgment of the trial court is affirmed. *Seddon* and *Ferguson, CC.,* concur.

PER CURIAM:—The foregoing opinion by Sturgis, C., is adopted as the opinion of the court. All of the judges concur.