CONSOLIDATED SCHOOL DIST. NO. 2 OF CLINTON COUNTY, MISSOURI, RESPONDENT, v. BESSIE O'MALLEY ET AL., APPELLANTS.—115 S. W. (2d) 171.

Kansas City Court of Appeals. April 4, 1938.

*D. F. Bennett* for respondent.

*Julian L. O'Malley* and *V. E. Phillips* for appellants.

CAMPBELL, C.—The plaintiff's petition filed September 14, 1936, alleged that plaintiff was a consolidated school district organized and incorporated in "virtue of the laws of the state of Missouri, Session Laws of 1913, Page 721, said district being located and lying in the County of Clinton, State of Missouri, maintaining and operating elementary and high schools" and was empowered to condemn land when necessary for school purposes; that it was the owner of a school site and grounds in the town of Gower; that it had become necessary for it to enlarge its present school site and to appropriate and condemn six lots situated adjacent to its present school ground; that defendant, Bessie O'Malley, was the owner of the lots and that her codefendant was her husband. The petition further alleged that plaintiff had endeavored to purchase the lots but was unable to agree with defendants concerning the price to be paid therefor. The prayer was for the appointment of commissioners and for condemnation of the land.

Commissioners were appointed, qualified, and on March 17, 1937, made report assessing the defendants damage at the sum of $635.

The defendants filed answer and exceptions to the report of the commissioners.

Trial of the exceptions to a jury resulted in a verdict and judgment for the defendants in the sum of $400. The defendants appealed.

The answer challenged the power of plaintiff to proceed in condemnation for the purpose of enlarging its school site. This challenge, so defendants say, makes it the duty of this court to transfer the cause to the Supreme Court.

It will be noted that the petition says that plaintiff seeks to condemn the land of the defendants "to enlarge its present school site."

Concerning the question of jurisdiction, the Supreme Court has ruled that in a condemnation proceeding where the amount involved is $7500 or less and "no less objection was made at any time to the proceeding on the ground that the plaintiff had no right to proceed with the condemnation," jurisdiction of the appeal was in the proper court of appeals.

In the case of State ex rel. State Highway Commission v. Gordon et al., 36 S. W. (2d) 105, the Supreme Court en banc held, "But as respondents deny appellants power to make a further appropriation of their land, the title to real estate is involved, and that is the ground of this court's jurisdiction of the appeal."

Later the Supreme Court in the case of State ex rel. Palmer et al. v. Elliff et al., 58 S. W. (2d) 283, 284, said:

"It is apparent that relators are not merely contesting the amount of damages awarded or to be awarded in a condemnation proceeding. They challenge the authority and jurisdiction of the county court to proceed with the proposed condemnation and to establish the road under the petition for same which had been presented to it. In effect it may be said they challenge the right of the petitioner, Parish, to have their land taken for the road on the facts stated in the petition. Judgment of the county court establishing the road will give the petitioner an easement in or over relators' land and directly take from relators that portion of their title. Under the recent decision by Division 1 of this court in Richter v. Rodgers et al., 327 Mo. 543, 37 S. W. (2d) 523, and of the court en banc in State ex rel. State Highway Commission v. Gordon et al., 327 Mo. 160, 36 S. W. (2d) 105, we think title to real estate is involved and that this court therefore has jurisdiction of this appeal."

The defendants further contend a constitutional question is lodged in the case and, for that reason, the cause should be transferred to the Supreme Court. We deem it unnecessary to determine that question for the reason the determination thereof would not affect our action.

It follows that this court is without jurisdiction of the appeal and the cause is therefore transferred to the Supreme Court. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The cause is transferred to the Supreme Court. All concur.