ANDERSON, *Appellant*, v. THE TOWNSHIP BOARD OF MYRTLE
TOWNSHIP.

1. **Appeals in Road Openings**: PRACTICE IN SUPREME COURT. This
court cannot pronounce upon the legality of a proceeding for the
opening of a road begun before a township board and brought
thence by successive appeals through the county and circuit courts,
unless the proceedings before the township board are incorporated
in the record.

2. ———— : DESCRIPTION OF ROUTE. A judgment of the circuit court af-
firming an order of the county court for the opening of a road,
made the road terminate in section 36, instead of section 26 as stated
in the order of the county court. The call for section 26 was a pat-
ent mistake. *Held*, that the circuit court had the undoubted right
to make the correction.

*Appeal from Adair Circuit Court.*—HON. J. W. HENRY,
Judge.

AFFIRMED.

*James Ellison* for appellant.

*W. R. McQoid* and *E. V. Wilson* for respondent.

HOUGH, J.—This is an appeal from certain proceedings
instituted before the township board of Myrtle township,
Knox county, under the act of March 24th, 1873, in rela-
tion to township organization, for the purpose of establish-
ing a public road in said township. On appeal to the
county court it was adjudged by that tribunal that the
road sought to be established was of public utility, and
that it be declared a public highway, as follows: "Begin-
ning at the northwest corner of section 35 and the south-
west corner of section 26, and running thence east on the
section line between said sections 35 and 26 one mile, at
which point it reaches and comes to the northwest corner
of section 36 and the southwest corner of section 25, and
to continue from said corner of sections 36 and 25 east on
the section line between said sections 36 and 25 one mile,

terminating at the northeast corner of section 26, where it intersects the road running north and south on the county line between Lewis and Knox counties; all of said road in township 62, range 10—the road to be forty feet wide; and that Alexander Anderson, plaintiff, be allowed damages in the sum of $30, after making due allowance for the advantages and disadvantages of said road to him; and that the action of the township board in the location of the road is hereby affirmed." On appeal to the circuit court, the judgment of the county court was affirmed, and said road was established as follows: "Commencing at the northwest corner of section 35 and the southwest corner of section 26, and running thence east on the section line between said sections 35 and 26, one mile, at which point it reaches and comes to the northwest corner of section 36 and the southwest corner of section 25, and to continue from said corners of said sections 36 and 25 east on the section line between said sections 36 and 25 one mile—said road to terminate at the northeast corner of section 36 and the southeast corner of section 25 where it intersects with the road running north and south on the county line between Knox and Lewis counties; all of said land over which said described road is to pass is situated in township 62, range 10 west, in Knox county, State of Missouri. And the court finds from the record in this cause that the plaintiff has sustained damages in the location and establishment of said road as allowed by the county court in the sum of $—. It is, therefore, ordered and adjudged by the court that the plaintiff have and recover off of the defendant, Myrtle township, Knox county, Missouri, said sum of $—, and on the payment of the same to plaintiff it is ordered that said road be opened, and on failure of plaintiff to open the same that the defendant have its lawful process and proceedings to open and establish the same. It is further ordered and adjudged that the defendant have and recover its costs laid out and expended in this cause, and that defendant have its execution for the same."

The law regulating appeals in cases like the present provides that when the appeal is perfected the clerk of the township shall make out a full transcript of all proceedings before the township board, and file the same, together with all original papers in the proceeding, with the clerk of the county court. The statute further provides that "the county court shall, at their first regular meeting thereafter, proceed to hear and determine all matters of dispute in said proceedings, and shall make an order in said cause which shall be final as to all matters involved in said proceedings, saving to all land owners through whose land said road may run and who may not have given the right of way, the right to appeal to the circuit court of said county on all questions of law involving the legality of said proceedings, but on such appeal no evidence as to the utility of said proposed road shall be received, but the action of the county court as to its utility shall be final. The action of the county court as to the laying out, change or vacation of public roads, and all questions as to damages shall be final, saving the right of appeal as hereinbefore provided to the circuit court." Acts 1874, p. 196.

The proceedings before the township board are not to be found in the record before us, and it is, therefore, impossible for us to say that there was any illegality in said proceedings.

The judgment of the circuit court corrects a patent mistake in the judgment of the county court, by making the road established terminate at the northeast corner of section 36, where the description of the road shows it terminates, instead of the northeast corner of section 26, as stated in the judgment of the county court, and this correction it had the undoubted right to make. The judgment of the circuit court will be affirmed. The other judges concur.

The judgments in two other cases, *Roberts v. The Township Board of Myrtle Township*, and *Wm. H. Anderson v. The Same*, were affirmed at the same time and for the same reason as in the foregoing case.