## ¡WILHITE et al. v. WOLF, Appellant.

### Division One, February 10, 1904.

1. **County Road:** RELINQUISHING RIGHT OF WAY. Where it can be definitely gathered from the report of the road commissioner that a certain land-owner does not relinquish the right of way, but claims damages, the county court is not without jurisdiction over the case simply because the commissioner's report does not specifically recite that he does not relinquish the right of way.

2. ——: ——: JURISDICTION. The county court's jurisdiction to hear and determine whether a proposed change in a road should be made is complete when the petition, properly signed by the requisite number of qualified land-owners of the township through which the road is to run, as provided by the statute, has been filed with the court, and notice of its presentation, as provided by statute, has been made. After that, what it does or does not do is a matter of error, and does not make void all its subsequent orders and proceedings therein.

Appeal from Boone Circuit Court.—*Hon. Jno. A. Hockaday,* Judge.

AFFIRMED.

*W. H. Truitt, Jr.,* and *N. T. Gentry* for appellant.

(1) (a) The petition to the county court, which is the first jurisdictional prerequisite, is fatally defective. Section 9414 has not been complied with. In the case of Railroad v. Young (96 Mo. 43), Judge SHERWOOD quotes approvingly the language of Judge WAGNER (in 47 Mo. 474): "Everything is essential which the law has said should be done, before this high prerogative right can be carried out and enforced." Hays v. Campbell, 17 Ind. 430; Vawter v. Gilliland, 55 Ind. 278; Conway v. Ascherman, 94 Ind. 187; Godchanx v. Carpenter, 19 Nev. 415; s. c., 14 Pac. 140; People ex rel. v. Whitney, 32 Hun 508. (b) The petition is indefinite; it is impossible to tell whether the petitioners are endeavoring to open a new road or to change an old road. Although the county court would have authority to do either, yet the jurisdiction must be conferred according to the statute in each case. The householders of the neighborhood might be willing to sign one petition, and unwilling to sign the other. State v. Farrelly, 36 Mo. App. 282. (2) Another jurisdictional fact which this record fails to show is that the road commissioner did not state in either of his reports that the appellant failed and refused to give the right of way. Under our statute, this was necessary and must be done before the county court had any right or authority to appoint the three commissioners. Jones v. Zink, 65 Mo. App. 409; Peed v. Barker, 61 Mo. App. 556; Railway v. Young, 96 Mo. 39; Lingo v. Burford, 112 Mo. 156; In re Petition of Gardner, 41 Mo. App. 596; Leslie v. St. Louis, 47 Mo. 474; R. S. 1899, sec. 9416; Daugherty v. Brown, 91 Mo. 26; Lance's Appeal, 55 Pa. St. 26; Stanford v. Worn, 27 Cal. 171; Kroop v. Foreman, 31 Mich. 144; Mitchell v. Railroad, 68 Ill. 286. It is true that the road commissioner, in his amended report, says, "Said Wolf asks $150 damages;" "Mrs. L. S. Wolf, on account of her interest in the above land, asks $30 damages." But this is not by

any means a compliance without statute, nor with the interpretation given to it by the St. Louis Court of Appeals in Jones v. Zink, supra.

*Webster Gordon* for respondents.

(1) The petition is sufficient, and fully complies with the road statute. The steps necessary to be taken to confer jurisdiction on county courts to open new public roads or vacate, change or widen old public roads are the same in each instance. (2) The application shall be made by petition to the county court signed by at least twelve freeholders of the township or townships through which the proposed widened road may run, three of whom shall be of the immediate neighborhood, specifying the proposed beginning, course and termination thereof, with not less than two points named on the route of said road. And shall give notice of the intention to present said application to the court by written or printed hand-bills put up at three or more public places in the township or townships through which said proposed widened road may run, one of which shall be put up at the proposed beginning and one at the proposed termination of said road, at least twenty days before the first day of a regular term of the county court at which the application is presented. There is no pretense that this was not done and the county court acquired jurisdiction of this case thereby, and that such jurisdiction is not shown on the face of the proceedings of the county court. Ziebold v. Foster, 118 Mo. 349; Lingo v. Burford, 112 Mo. 155; Daugherty v. Brown, 91 Mo. 30; Ray Co. v. Young, 96 Mo. 39; Mitchell v. Railroad, 139 Mo. 326. (3) When jurisdiction has once been acquired by the county court it will not be ousted by some error or irregularity creeping into its proceedings. Crenshaw v. Snyder, 117 Mo. 178. The jurisdiction of an inferior court is sufficiently shown if it appears from

the entire record.  Sappington v. Lenz, 53 Mo. App. 44.

ROBINSON, J.—This is a proceeding under the statutes, begun in the county court of Boone county, by petition and notice, to have widened an old road of that county, to the uniform width of forty feet, a part of said road up to that time being thirty-five feet wide, and the remaining portion thereof being only twenty-five feet wide.  The proposed change in the road, sought by the petition, resulted in the taking of about one and one-half acres of the appellant's land.  In due course the commissioners appointed by the court to assess damages to the land owners who refused to give the right of way for the purpose of widening said road, made their report and the appellant, among others, filed objections thereto, and upon a trial by a jury in the county court, his damages for the land taken were assessed the same as by the commissioners, at $16.33.  Thereupon the court ordered the road opened and widened as prayed for in the petition, and the appellant here alone took an appeal to the circuit court of Boone county, where, upon a new trial therein, his damages were assessed by a jury in that court, at $18.33, and the judgment of the county court in all things else was by the circuit court approved and affirmed.  From the judgment of the circuit court, the case has been brought to this court on appellant's appeal.

Appellant's contention here is, that the proceedings before the county court were insufficient to give that court jurisdiction to act in the premises to order the change in the road sought, and the particulars in which he claims that want of authority in the county court are: first, that the petition filed with the court failed to disclose definitely whether the purpose of the petitioners was to have opened up a new road, or to have changed the width of an old existing road; and second, that in the road commissioner's report to the county court, it

was not stated that the appellant herein had refused to relinquish the right of way sought, for said purposes, for so much of the land to be taken as was owned by him, and until this fact was set out and shown in the road commissioner's report, the county court had no authority to proceed further in the premises.

Appellant's first contention is utterly without support in the facts of the case, and why it has been suggested, in the face of the plain language of the petition filed with the county court, we are unable to understand. The petition reads: "To the Honorable, the County Court of Boone County, Missouri: We, the undersigned twelve freeholders of the townships hereinafter named, three of whom reside within the immediate neighborhood of the following described proposed widening of public road, pray that said public road be widened from its present width, which is from twenty-five to thirty-five feet in width, to a width of forty feet, having its points of beginning and termination, course and intermediate points as follows, to-wit:" (Here follows a description of the road).

Following this description, the petition continues: "that said public road has been an established highway for more than twenty years, and that the undersigned petitioners pray the Honorable County Court of Boone County for the widening of said road above described and set out, at the expense of the county; that the proposed widening of said described road is necessary and of public utility, and that the same runs through and along the lands hereinafter mentioned and described, together with the names of the owners thereof. And now, therefore, your petitioners pray that a survey of such proposed widening of said described road to the width of forty feet may be ordered," etc.

This reproduction of the petition is the best answer that can be made to appellant's charge of its want of definiteness in the particular named, and with this done, we will pass to appellant's second contention, without

comment as to the effect of a petition filed with the county court, defective in the manner suggested by appellant.

As to appellant's second contention, that the county court's authority to proceed further with its inquiry when the road commissioner fails to state in his report that appellant had refused to relinquish the right of way to so much of the land as was owned by him along the route of the road, and that all after-actions and orders by the county court in the proceedings were without jurisdiction and void, we think him in error, both as to his conclusion; of what are the facts, and in his application of the law to the facts as he has assumed them to be.

Though not properly preserved in the record, for our examination, we find in appellant's statement and brief filed herein, what purports to be a copy of the road commissioner's report to the county court, and from it appellant's second contention is shown to be without foundation in the facts of the case. While in this report, it is not, in direct words, recited that appellant refused to relinquish the right of way sought to so much of the land as was owned by him, along the course of the road, yet in that report, following immediately the description of appellant's land to be taken, and its amount in acres given, is found this recitation: "Said Wolf asks one hundred and fifty dollars damages." This, when the purpose of the report is considered, could mean nothing less than that the appellant Wolf, as one of the land-owners along the route of the road to be widened, refused to give or relinquish the right of way sought. It was a statement not only that the appellant refused to relinquish the right of way, but it embodied his reason for so doing, and told how and for what amount that relinquishment could be obtained by the court or agent for the county, or by those petitioning for the improvement, and the report did secure to the appellant the very right which the statute was designed to confer upon all those who were shown to be un-

willing to give or relinquish the right of way for the proposed road improvement over and along their land—the right to have damages assessed by jury.

· We think the language of the commissioner's report as found copied in appellant's brief, a most vigorous statement of appellant's refusal to relinquish the right of way for the proposed road, and we would most certainly conclude that the county court must have so understood and construed its meaning, if we felt called upon to examine into the action of that body on this appeal. Thus we find appellant's second contention is predicated upon a state of facts not existing in the case before us. But if we should agree that the report of the road commissioner made to the county court, had been properly preserved in the record, and in it no statement was to be found that appellant had refused to relinquish the right of way to that part of the land owned by him through which the road passed, we could not agree with appellant that this omission from the commissioner's report was fatal to the court's further jurisdiction in the premises, or that all after orders or judgments of the county court therein, as well as the judgment of the circuit court where the proceeding was taken on appeal, were *coram non judice* and void.

Appellant has confused the jurisdictional steps, essential to be taken by petitioner, in order that the county court might become invested with authority and jurisdiction to proceed in the matter of determining whether a proposed change in a road should be made, with matters which the court and its officers are directed to do in the exercise of its jurisdiction acquired to determine how and under what conditions the proposed change should be made.

Without questioning the general proposition asserted and discussed by appellant's counsel in their brief filed herein, that all essential facts conferring jurisdiction upon the county courts, to establish or widen a designated road, must affirmatively appear upon the

face of the proceeding begun to accomplish that end, and that, if those essential jurisdictional facts are not shown upon the face of the record of that court, all subsequent proceedings in such court, as well as in the circuit court, where the proceeding has been taken by appeal, are alike void and of no effect, we can not follow appellant into the extreme of asserting, as his position here has led him, that every error of omission that may appear to have occurred during the progress of the court's inquiry, will affect the court's authority over the proceeding or will operate to render void all after orders or judgments therein.

The county court's jurisdiction to hear and determine whether the proposed change in the road should be made, was complete when the petition, properly signed by the requisite number of qualified citizens of the township through which the road ran, as provided in section 9414, Revised Statutes 1899, had been filed with the court and the notice of its intended presentation, as provided in section 9415 of same statute, was shown. This done, the machinery of the court was set in motion to work out the purposes sought by the petition; this being done, the power and authority for the court's action in the premises was not thereafter dependent upon whether it proceeded correctly or incorrectly, wisely or unwisely. The authority of the court to act, and to act upon correct lines, involved its power to act erroneously. If a court, with authority to act in a given proceeding, has acted erroneously; if it has taken proof of facts by way of oral declaration that should have been presented to it through a written report of one of its officers, or in any other way has failed to follow the direction of the law in the conduct of the inquiry before it, that erroneous action or conduct of the court, if properly preserved and presented to an appellate court, may be ground for reversing the judgment obtained in the first court, but in so doing, the question of the court's jurisdiction to act in the premises is not involved.

The appeal herein is wholly without merit, and the judgment of the circuit court should be affirmed, and it is so ordered.   All concur.