## CHANDLER, Respondent, v. READING et al., Appellants.

### St. Louis Court of Appeals, February 4, 1908.

1. **APPELLATE PRACTICE: Instructions: Evidence not in Abstract.** The ruling of the trial court in giving or refusing instructions cannot be reviewed by the appellate court where the evidence is not set out in the abstract of the record.

2. **ROADS AND HIGHWAYS: Private Road: Condemnation.** Where an inhabitant of the State presents a petition to the county court for the establishment of a private road under the provisions of section 9459, Revised Statutes 1899, in order that he may have access to a public road, the statute must be strictly complied with and it must be affirmatively found by the court that the private road petitioned for is a road of necessity and that the petitioner is an inhabitant of the State.

3. ——: ——: ——: **Jurisdictional Facts.** The county court acquires jurisdiction to condemn a private road under section 9459 when the petitioner presents his petition containing the necessary averments and presents proof of notice to the owners of property through which the road is designed to pass; it is not necessary that the finding of jurisdictional facts shall be made before the appointment of commissioners, the finding of such jurisdictional fact on final judgment is sufficient.

Appeal from Pike Circuit Court.—*Hon. David H. Eby, Judge.*

AFFIRMED.

*Ball & Sparrow* for appellants.

(1)    Upon the presentation of the petition, for a private road by plaintiff, the court failed to find that the land described in plaintiff's petition was in Pike county, Missouri.      And the court also failed to find that the plaintiff was a resident of Pike county, Missouri.      Fisher v. Davis, 27 Mo. App. 326; Railroad v. County, 96 Mo. 39; Anderson v. Pemberton, 89 Mo. 61. (2)    The county court failed to find, when the petition was presented, that the private road asked for was a way of necessity.      Constitution of Mo., art. 2, sec. 20; Colville v. Judy, 73 Mo. 654; Cox v. Tipton, 18 Mo. App. 455.      (3)    The court having failed to judicially determine the foregoing propositions, all that followed is a nullity.      In all cases in which an entry *nunc pro tunc* is made, the record should show the facts which authorize the entry.      Gibson v. Chouteau, 45 Mo. 173; Evans v. Fisher, 26 Mo. App. 546; Saxton v. Smith, 50 Mo. 490.

*James W. Reynolds* for respondent.

(1)    The appellant's so called abstract of record does not comply with the requirements of the statute nor the rules of this court and for this reason the judgment of the trial court should be affirmed.      Lawson v. Mills, 150 Mo. 428; McCollom v. Ulen, 87 Mo. App. 606; Whitehead v. Railroad, 176 Mo. 475.      (2) The proposition asserted by appellants that the failure of the court to find on presentation of appellant's petition that the proposed road was a way of necessity rendered the subsequent proceedings a nullity is not supported by the authorities they cite.      Colville v. Judy, 73 Mo. 654, and Cox v. Tipton, 18 Mo. App. 455.

BLAND, P. J.—The proceeding was to establish a private road in Pike county, Missouri, leading from plaintiff's land over the lands of defendants to a public

road. The proceedings in the county court resulted in the assessment of damages and a judgment of the county court establishing the road. Defendants appealed to the circuit court, where on a trial anew damages were assessed by a jury and the road established by the judgment of the court, from which judgment defendant appealed to this court. None of the evidence heard on the trial is contained in the record or in the abstracts filed by defendants. The instructions given and refused by the court are set out in the abstracts, but as the evidence is not before us we cannot consider the instructions; so the record proper is all there is here for review. The petition to the county court for the private road is as follows (omitting caption):

"To the Honorable County Court of Pike County, Missouri:

"Plaintiff, Daniel C. Chandler, states that he is an inhabitant of Pike county, Missouri; that he owns the east half of the southeast quarter; also the southwest fourth of the southeast quarter and the southeast quarter of the northeast quarter, all in section thirty-five in township fifty-five (55) north, range three (3) west in Pike county, Missouri, upon which he now resides with his family; that no public road passes over or through or touches said land.

"He states that there is an established public road one-half mile eastward from his said land; that he has no outlet or passway from his home or premises aforesaid except through gateways and over the lands of others.

"He therefore asks this court for an order of record establishing a private road twenty (20) feet in width over the lands of Luther F. Sparks and Lois E. Reading beginning at a point in the center of a road 14.80 chains north of the southeast corner of section number thirty-five (35) and the southeast corner of section thir-

ty-six (36) both in township fifty-five (55) N. R. three (3) west in Pike county, Missouri; thence south over the land of Luther F. Sparks sixty-nine and one-fourth (69 1-4) degrees east 7.50 chains to a point; thence south seventy-six and one-fourth (76 1-4) degrees east 13.09 chains to a point on the Sparks line; thence south over the land of Lois E. Reading eighty-two degrees east 7.50 chains to a point; thence south eighty-four (84) degrees east 12.25 chains to a point on the public road.

:"He further states that said road here prayed for is one of great necessity and indispensable to petitioner as he has no outlet to church, to postoffice, to market, or to school, and that the road here asked for is most direct and suitable that could be selected and is now and has been for many years the location of a roadway which passes through gates from petitioner's said land over the premises of the defendants to the said public road.

"Plaintiff also asks this court to appoint three commissioners to view the location of the road here asked for, and assess the damages to defendants as provided by law."

A proper notice attached to a copy of the petition was timely served on each defendant, notifying him that the petition would be presented to the county court for action on the sixteenth day of February, 1907. On the day named in the notice the county court took up the petition and, after hearing the evidence, made an order reciting the averments of the petition and concluding as follows:

"It being proven to the satisfaction of the court that due legal notice of the intended presentation of said petition to the court on this day has been given, it is therefore ordered by the court that Charles Robertson, Charles Bollomy and J. G. Oliver, be and they are hereby appointed commissioners to view the premises and to mark out such road and assess the damages

to the owners of the land through which it passes and make due report of their proceedings herein at the next term of this court."

On April 5, 1907, the commissioners appeared before a notary public and made affidavit that they and each of them would "honestly, faithfully and impartially, and to the best of their ability, discharge their duties as such commissioners under the order of said court," and afterwards filed the following report in the county court:

"We, the above-named commissioners, appointed by the county court of Pike county, Missouri, in the above-entitled cause after having taken and subscribed to the foregoing oath, and after viewing the premises of the road petitioned for in this cause by Daniel C. Chandler, and after having marked out said road, and after having assessed the damages to the owner of the land through which the proposed road will pass, now do respectfully report that we have marked out the said road twenty feet in width over the said lands of Luther F. Sparks and Lois E. Reading, the center of which shall be located as follows, to-wit: Beginning at a point in the center of a road 14.80 chains north of the southeast corner of section numbered thirty-five (35) and the southwest corner of section thirty-six (36), both in township fifty-five (55) north, range three (3) west, in Pike county, Missouri; thence south over the land of Luther F. Sparks sixty-nine and one-fourth (69 1-4) degrees east 7.50 chains to a point; thence south seventy-six and one-fourth (76 1-4) degrees east 13.09 chains to a point on the Sparks line; thence south over the land of Lois E. Reading eighty-two (82) degrees east 7.50 chains to a point; thence south eighty-four (84) degrees east 12.25 chains to a point on the public road, and we assess and allow Luther F. Sparks the sum of $25, as and for damages to his land over which the proposed road will pass, and we also allow and assess to the said Luther

F. Sparks the sum of $40 for the construction of a wire fence which the opening of the proposed road will, in our opinion, render necessary.

"We also assess and allow to Lois E. Reading the sum of $280 as and for damages to her land over which the proposed road will pass and we also allow and assess to the said Lois E. Reading the sum of $60 for the construction of a wire fence which the opening of the said road will in our opinion render necessary.

"Respectfully submitted by the foregoing commissioners.

"J. G. OLIVER,

"CHARLES R. ROBERTSON,

"CHARLES BOLLOMY."

Exceptions were filed to the report and a jury was impanelled to assess the damages. The same jury at the same time, by agreement of parties, assessed the damages of both defendants in the circuit court. Their assessments as to both defendants were below the assessments made by the commissioners. The court rendered a judgment on the verdict, sufficient in form and substance, establishing the road as prayed for in the petition, giving judgment in favor of each defendant for the amount awarded him by the jury, and adjudging that defendants pay the costs of the trial. Defendants' contention is that because the county court failed to find when the petition was presented, petitioner was an inhabitant of Pike county, and also failed to find that the private road asked for was a road of necessity, the court did not acquire jurisdiction of the subject-matter and all subsequent proceedings were null and void. The statute (sec. 9459, R. S. 1899) on which the proceeding is based, reads in part as follows: "If any inhabitant of this State shall present a petition to the county court of the proper county, setting forth that he or she is the owner of a tract or lot of land in such county, or in an adjoining county, and that no public road passes

through or touches it, and asking for the establishment of a private road from his or her premises, to connect with some public road of the county in which the proceedings are had, at some convenient point, and shall describe the 'place where said road is desired, and the width desired, the court shall appoint three disinterested commissioners to view the premises, and to mark out the road, and to assess the damages to the owner or owners of the land through which it will pass." It has been repeatedly held that the statute must be strictly construed and that it must appear that the road proposed is a way of necessity. [Colville v. Judy, 73 Mo. 651; Barr v. Flynn, 20 Mo. App. 383; Coberly v. Butler, 63 Mo. App. 556.] All the facts which the statute says must exist to authorize the establishment of the road proposed should be affirmatively found by the county court and recited in the judgment establishing the road. These were found by the court and recited in its final judgment, but they were not found before, or at the time the court appointed the commissioners. We do not think the statute contemplates that the county court must find the road proposed a necessity as preliminary to appointing the commissioners. The jurisdiction of the court to act under the statute was conferred by the presentation of the plaintiff's petition containing all the necessary statutory averments to entitle plaintiff to the relief prayed for, and proof of due notice to defendants that he would present his petition on the day it was presented.

In Wilhite v. Wolf, 179 Mo., a road case coming under another section of the chapter on public and private roads, the court, in respect to the manner of acquiring jurisdiction of road cases, at page 479, said: "The county court's jurisdiction to hear and determine whether the proposed change in the road should be made, was complete when the petition, properly signed by the requisite number of qualified citizens of the township

through which the road ran, as provided in section 9414, Revised Statutes 1899, had been filed with the court and the notice of its intended presentation, as provided in section 9415 of same statute, was shown. This done, the machinery of the court was set in motion to work out the purposes sought by the petition; this being done, the power and authority for the court's action in the premises was not thereafter dependent upon whether it proceeded correctly or incorrectly, wisely or unwisely."

As jurisdiction attached to hear and determine the cause by the filing of the petition and due service of notice on defendants, we think it was immaterial at what stage of the proceedings the court found the road proposed was a road of necessity, or that petitioner was an inhabitant of Pike county. It is enough to know that the court found these facts affirmatively at some stage of the proceedings; they were found and are recited in its final judgment; this is sufficient.

Judgment is affirmed.     All concur.