## McDERMOTT REALTY COMPANY v. UNITED RAILWAYS COMPANY, Appellant.

### In Banc, February 9, 1912.

APPEAL: Premature: Private Road: Order by Circuit Court Remanding Case to County Court: No Final Judgment. Where an appeal in a private road case is allowed by the county court to the circuit court, the latter court has complete jurisdiction to proceed with the case to a final determination, and an order by it remanding the case to the county court is without jurisdiction and is not a final judgment, and an appeal from said order to the Supreme Court is premature. And where the county court has been prohibited by prohibition from. proceeding in the case, an appeal from the unauthorized order of the circuit court will, upon a proper showing, be dismissed.

On Motion to Set Aside Dismissal.

MOTION OVERRULED.

*J. C. Kiskaddon* and *Boyle & Priest* for appellant.

*Buell Mathews* and *J. C. McAtee* for respondent.

KENNISH, J.—This is an appeal from a judgment of the circuit court of St. Louis county in a private road case. The proceeding was instituted by respondent in the county court of said county. Upon the motion of appellant, through whose land the proposed road was petitioned for, the county court dismissed the case. The petitioners appealed to the circuit court where, upon a hearing, the petition was sustained and the cause remanded to the county court for further proceedings. It was from that order and judgment of the circuit court that this appeal was taken. When the county court resumed jurisdiction of the case, appellant was awarded a writ of prohibition by this court, against the judges of the county court, to restrain such court from further entertain

ing and exercising jurisdiction therein. The prohibition case was heard and determined in this court in favor of appellant, on the ground that when an appeal is allowed in a private road case from the county court to the circuit court, the latter is possessed of full jurisdiction to proceed with the case to a final determination, and that the order remanding the case to the county court was without authority of law. [State ex rel. United Railways Co. v. Wiethaupt, 238 Mo. 155.] As the order of the circuit court from which the appeal herein was taken was not a final judgment, the appeal was premature. This necessarily follows from the judgment in favor of appellant in the prohibition case.

After the writ of prohibition against the judges of the said county court was made perpetual, the petitioners filed a motion in this court, to which was attached a properly certified copy of the judgment of the circuit court appealed from, asking that the appeal be dismissed. This motion was sustained. Appellant now moves the court to set aside that order, but no valid reason is given why we should take such action, and therefore the motion is overruled. All concur.