THE STATE ex rel. McDERMOTT REALTY COMPANY et al. v. JOHN W. McELHINNEY, Judge.

In Banc, November 26, 1912.

1. PRIVATE ROAD: Sufficiency of Petition: Inhabitants of State: Jurisdiction. It is not necessary that the petition for a private road state that the petitioners are inhabitants of the State, nor is the court without jurisdiction to appoint commissioners to mark out the road and assess damages simply because the petition fails to so state.

2. ————: Inhabitants of State: Appeal to Circuit Court: Shown by Record of County Court: Jurisdiction. The record should somewhere show that the petitioners for a private road are inhabitants of the State. But where the proceeding is begun in the county court, and appealed to the circuit court, the circuit court is not without jurisdiction because the record of the county court does not show that petitioners are inhabitants of the State. The effect of the appeal is that the circuit court "shall thereupon be possessed of such cause, and shall proceed to hear and determine the same anew, and in the same manner as if such cause had originated in such appellate court, without regarding any error, defect or informality in the proceedings of the county court." The county court cannot cut off the jurisdiction of the circuit court by the omission

of any evidentiary or record matter, in any private road case appealed from the one to the other. Nor is it material at what stage of the proceeding in the circuit court proof of the material fact that petitioners are inhabitants of the State is made.

3. ————: ————: ————: **Compelled by Mandamus to Assume Jurisdiction.** It is not the function of a writ of mandamus to direct the course of judicial action in a given case, but a writ may issue to compel a respondent clothed with judicial power to proceed with a cause of which he has jurisdiction. So that where the judge of a circuit court, to which had been appealed from the county court a private road case, refuses to appoint commissioners to lay out the road and assess damages, on the ground that neither the petition nor any part of the record of the county court shows the petitioners to be inhabitants of the State, the Supreme Court will issue its peremptory writ commanding him to assume jurisdiction and to proceed to the exercise thereof to final judgment.

4. **APPEAL FROM INFERIOR COURT: Trial De Novo: Things to be Proven.** In appeals from inferior courts, where provision for an unrestricted trial *de novo* in the appellate court is made by statute, any finding of a material fact in the lower court, although of record, does not dispense with the necessity of proving such fact anew.

## Mandamus.

WRIT ALLOWED.

*Joseph C. McAtee* for relator.

(1) Relators are seeking to enforce a constitutional right, have complied with the law and are entitled to an outlet. The Constitution creates the right and the Legislature has no power to limit it, but can only prescribe the *modus operandi* by which the way may be obtained. (2) Admitting for the purpose of the argument that the Legislature may limit the right to an inhabitant of the State, the petition of relators in the county court of St. Louis county sufficiently averred the inhabitancy of the McDermott Realty Company by referring to it as a "domestic corporation." (3) The question of the jurisdiction of respondent was conclusively determined in this court in

the Wiethaupt case, and was at the time of respondent's failure to proceed on the ground of lack of jurisdiction, and is now *res adjudicata.* (4) For the purpose of jurisdiction in the courts of the United States a corporation is to be deemed a citizen of the State creating it, and no averment to the contrary is permitted. Railroad v. Letson, 2 How. 497; Marshall v. Railroad, 16 How. 314; Insurance Co. v. French, 18 How. 408; Draw-Bridge Co. v. Shepherd, 20 How. 227; Railroad v. Koontz, 104 U. S. 12; Goodlet v. Railroad, 122 U. S. 391. (5) Even though it may be necessary to specifically allege that petitioners are inhabitants of the State, still the failure to do so does not, *ipso facto,* deprive the respondent of jurisdiction. Sec. 4091, R. S. 1909 provides that in all cases of appeal from the final determination of any case in the county court, such appellate court shall thereupon be possessed of such cause and shall proceed to hear and determine the same anew, and in the same manner as if such cause had originated in such appellate court, without regarding any error, defect or informality in the proceedings of the county court. On such appeals, where jurisdictional defects are urged, it is the duty of the court to give plaintiff an opportunity to amend. Dowdy v. Wamble, 110 Mo. 280; Daniel v. Atkins, 66 Mo. App. 342; Heman v. Fanning, 33 Mo. App. 53. (6) It was the duty of respondent to have sustained the motion for the appointment of new commissioners or for an order upon the former commissioners to proceed as therein asked for. Secs. 10450, 10451, R. S. 1909. (7) Mandamus is the proper and only adequate remedy open to relators. State ex rel. v. Laughlin, 75 Mo. 358; State ex rel. v. Philips, 97 Mo. 347.

*Boyle & Priest, J. C. Kiskaddon, A. E. L. Gardner* and *R. L. Stevens* for respondent.

(1) The petition for the establishment of a way of necessity does not state that petitioners are inhab-

itants of the State. The statute provides that "if any inhabitant of this State shall present a petition to the county court of the proper county" setting forth certain matters, then the county court shall proceed to the establishment of a private way. This allegation in the petition, or the fact that petitioners are residents of the State, must appear to give the county court jurisdiction. The allegation is obviously absent from the petition, and the fact nowhere appears in the record of the case made in the county court. R. S. 1909, Sec. 10447; Patchen v. Durett, 116 Mo. App. 439; Chandler v. Reading, 129 Mo. App. 68. (2) But even if the fact that petitioners were inhabitants of the State appeared somewhere in the record of the county court, yet the county court could not take jurisdiction, the allegation of residency not appearing in the petition. Condemnation of a private way is a proceeding *in invitum*—the taking of private property for private use against the will of the owner. Therefore, every fact necessary to move the court to act, that is, to give the court jurisdiction to act, ought to appear in the application to the court. Failing to appear in the petition the court, if it acts at all, does so without jurisdiction. In condemning private property for use as a public highway, every preliminary step to be done, and every allegation in the petition necessary to give the court jurisdiction, must appear, or appear to have been done. How much more then is it necessary, when private property is to be taken for a private use? Williams v. Kirby, 196 Mo. 628; Fisher v. Davis, 27 Mo. App. 326; County v. Cowan, 54 Mo. 237; Colville v. Judy, 73 Mo. 654; Whitely v. County, 73 Mo. 50; Ells v. Railroad, 51 Mo. 203; Zimmerman v. Snowdon, 88 Mo. 219; Haggard v. Railroad, 63 Mo. 302; County v. Wilson, 61 Mo. 239; St. Louis v. Koch, 169 Mo. 591. (3) The circuit court on appeal from the county court has only derivative jurisdiction; and if the county court did not have jurisdiction, neither has

the circuit court. It may be true that the statute provides that on appeal from the county court to the circuit court, the circuit court shall try the case *de novo* "without regarding any error, defect or informality in the proceedings of the county court." R. S. 1909, Sec. 4091. But this statute only applies to cases in which it appears that the county court had jurisdiction, but has committed manifest error, in its "proceedings." There is no magic in the appeal, or in the cited language of the statute, to give the circuit court jurisdiction where it appears that the county court had none. Haggard v. Railroad, 63 Mo. 302; Gist, v. Loring, 60 Mo. 489; Williams v. Kirby, 169 Mo. 628; Barrett v. Railroad, 68 Mo. 108; Rohland v. Railroad, 89 Mo. 183; Sidwell v. Jett, 213 Mo. 608; Spurlock v. Dorman, 182 Mo. 248. (4) Relators contend that the allegation in the petition that the McDermott Realty Co. is a "domestic corporation" is equivalent to an allegation that it is an inhabitant of the State. This, however, does not help the other petitioner, John W. Bellairs. The words "domestic corporation" does not mean inhabitants. Every corporation, not municipal or quasi-municipal, is domestic in some sovereignty, but it does not mean that it is domestic in the State of Missouri. There is no allegation in the petition that the petitioner is incorporated under or by virtue of the laws of this State. It may be incorporated by some other sovereignty; have its legal habitation there, and hold real estate here. Even a corporation incorporated by some other State, may, for some purposes, become an inhabitant here, but only if it does its business and has its principal office in this State. But no fact of this kind appears anywhere in the record. Gormully v. Pope, 34 Fed. 818; Riddle v. Railroad, 39 Fed. 290; Gilbert v. Insurance Co., 49 Fed. 885; Shamwald v. Davids, 69 Fed. 704; Scollenberger, Ex parte, 96 U. S. 369; Galveston v. Gonzales, 151 U. S. 502. The allegations that one of the petitioners is a "domestic corporation"

is not an allegation of inhabitancy, it is a conclusion of law, and not the allegation of a fact. Cook v. Pullman Co., 70 Mo. 670; State ex rel. v. Jones, 77 Mo. 676; Verdin v. St. Louis, 131 Mo. 157; Nichols v. Larkin, 79 Mo. 271; Sidway v. Land Co., 163 Mo. 375; Mallinckrodt v. Nemnich, 169 Mo. 397; Shohoney v. Railroad, 223 Mo. 671; Nevins v. Moore, 221 Mo. 356. (5) Perhaps mandamus might lie to compel a court to assume jurisdiction, when it, as a preliminary question at the very inception of the matter, totally refuses to entertain jurisdiction. Mandamus, in such case might lie to compel the court to move. But when the court assumes jurisdiction to the extent of trying the question whether it has jurisdiction or not, decides that it has not, and renders judgment accordingly the mandamus will not lie, but appeal or writ of error is the remedy. Ex parte Railroad, 103 U. S. 796; Ex parte Railroad, 108 U. S. 566; State ex rel. v. Satterfield, 54 Mo. 394; Williams v. Judge, 27 Mo. 227; Bleeker v. Land Co., 30 Mo. 113; State ex rel. v. Megown, 89 Mo. 158; Ward v. County, 50 Mo. 402; Manfield v. Sylvester, 50 Mo. 338; State ex rel. v. County, 68 Mo. 48; State ex rel. v. County, 41 Mo. 224; State ex rel. v. Engleman, 86 Mo. 561; State ex rel. v. Buhler, 90 Mo. 570; State ex rel. v. Smith, 105 Mo. 9; State ex rel. v. Rombauer, 125 Mo. 632; State ex rel. v. McKee, 150 Mo. 243; 2 Bailey on Jur., Secs. 594, 595.

KENNISH, J.—This is an original proceeding in mandamus, the purpose of which is to obtain a writ from this court, commanding the respondent, as judge of the circuit court of St. Louis county, to assume jurisdiction of a proceeding pending in his said court on appeal from the county court of said county, in which relators are seeking to establish a private road, and also commanding him to appoint commissioners to lay out said road and assess damages therefor.

Upon the filing of the petition an alternative writ was issued, and in due time respondent made return thereto. Relators filed a motion for judgment on the pleadings, and the cause has been submitted for decision on the issues of law thus made.

The substance of the allegations of relators' petition, briefly stated, is as follows:

On August 22, 1910, they filed in the county court of St. Louis county a petition for a private road. That petition alleged that relator McDermott Realty Company, a domestic corporation, was the owner, and that relator John W. Bellairs was the lessee, of a tract of land therein described, located in said county, and that no public road passed through or touched said tract of land, and prayed that a private road be opened from said tract, through and over the lands of the United Railways Company and others, to Marine Avenue, a public road in said county. Upon a hearing in the county court the petition was denied and petitioners appealed to the circuit court. The respondent, as judge of the circuit court, heard the cause on appeal, made a finding in favor of petitioners, adjudged that the petition should be granted, and remanded the cause to the county court for further proceedings therein. After the cause was so remanded, the United Railways Company instituted a suit in this court to prohibit the judges of the county court from taking further cognizance of the cause. This court held in that suit that the county court did not have jurisdiction of the proceeding, for the reason that the appeal to the circuit court gave the latter court exclusive jurisdiction, on a trial *de novo,* to take all action necessary to a complete determination and disposition of the proceeding. [State ex rel. v. Wiethaupt, 238 Mo. 155.] The United Railways Company also prosecuted an appeal to this court from the judgment of the circuit court remanding the cause to the county court. On motion of appellees (relators herein), that appeal was dismissed because

no final judgment had been entered in the circuit court and the appeal was therefore premature. The appellant filed a motion to set aside the order dismissing the appeal, and that motion was overruled by this court. [McDermott Realty Co. v. United Rys. Co., 240 Mo. 146.] After this court had granted the writ of prohibition against the county court and had dismissed the appeal of the United Railways Company, respondent made and entered of record an order vacating so much of the former judgment of the circuit court as purported to remand the proceeding to the county court, and thereupon appointed commissioners to mark out the road and assess the damages. The commissioners laid out the road, assessed damages and made their report to the court, to which report the United Railways Company filed exceptions. Respondent sustained the exceptions and set aside the report, on the ground that the proceedings of said commissioners were irregular and not according to law. The petitioners thereupon filed a motion to again refer the matter to the same commissioners or to appoint new commissioners to lay out the road and assess the damages. This motion was overruled, respondent giving as a reason for such ruling that the court was without jurisdiction to proceed in the case. No further steps were taken and the cause thus remained on the docket when the alternative writ herein was issued.

The prayer of the petition is that a writ of mandamus be issued, commanding respondent to again assume jurisdiction of the cause and make an order appointing new commissioners to lay out the road and assess damages or refer the matter to the former commissioners for the performance of such duties.

After setting out the history of the litigation substantially as stated in the petition, respondent alleges in the return that the term of the circuit court at which it was adjudged by him that he was without jurisdiction to proceed further has long since adjourned;

that said judgment stands in full force and effect and no appeal has ever been taken therefrom. It is also alleged in the return that: "It does not appear by or in the petition of said relators for a private road, or in any of the records or proceedings of the said county court in said cause, that the relators and petitioners were inhabitants, or that either of them was an inhabitant of this State, at the time of presenting said petition to said county court, or at any other time."

Relators contend: First, that respondent, as judge of the circuit court of St. Louis county, has jurisdiction to hear and determine the cause; and, second, that they are entitled to relief by the peremptory writ of mandamus of this court. Both of these contentions are controverted by respondent.

I. In overruling the motion for the appointment of new commissioners, the court made and entered of record the following order: "Ordered by the court, after due and full consideration of the motion heretofore filed to appoint other commissioners, that the said motion be and the same is hereby denied upon the ground that the petition filed herein does not state, and the record of the county court does not show, that the petitioners are inhabitants of the State, and this court is therefore without jurisdiction to proceed further." We are of opinion that the circuit court was not without jurisdiction, and for the reasons following:

It is provided by Sec. 10447, R. S. 1909, that: "If any inhabitant of this State shall present a petition to the county court of the proper county, setting forth that he or she is the owner of a tract or lot of land in such county, or in an adjoining county, and that no public road passes through or touches it, and asking for the establishment of a private road from his or her premises, to connect with some public road of the county in which the proceedings are had, at some con-

venient point, and shall describe the place where said
road is desired, and the width desired, the court shall
appoint three disinterested commissioners to view the
premises and to mark out the road, and to assess the
damages to the owner or owners of the land through
which it will pass.''

It will be observed that although the statute ex-
pressly designates what facts shall be set forth in the
petition, it does not require that it shall thus appear
that the petitioner is an inhabitant of this State. While
the right to a private road is conferred only upon ''any
inhabitant of this State,'' and therefore the record
should show that the petitioner is such an inhabitant,
it is not essential that such fact should appear in the
petition.  [Snoddy v. Pettis County, 45 Mo. l. c. 363;
Fisher v. Davis, 27 Mo. App. l. c. 325.]

In the Snoddy case, supra, this court said: ''It
is claimed that those proceedings were erroneous:
First, because the petition does not show that twelve
of its signers were householders of the township, etc.
The statute is express that it must be signed by that
number of householders, etc., three of whom shall be
of the immediate neighborhood of the road.  But it
does not say that they shall be so described in the peti-
tion; and if they were so described, it would have been
no evidence of the fact.''

And in the case of Fisher v. Davis, supra, discuss-
ing the question of the sufficiency of a petition for a
private road, the court said:  ''We can find no war-
rant for the assumption that the qualification of the
petitioners must be recited in the body of the petition.
That is a matter of evidence to be determined by the
court, on the hearing of the petition.''

The statutory requirement as to the inhabitancy
of the petitioners not being alleged in the petition, was
it essential to the jurisdiction of the circuit court that
it should have appeared in the record of the county
court?  We think not.  The statutory provisions appli-

cable to an appeal from a judgment of the county court, in a case for the establishment of a public road, are radically different from those governing an appeal in a case for the establishment of a private road, and consequently decisions as to the effect of an appeal under one proceeding are correspondingly inapplicable to a case under the other. In a public road case no appeal is allowed unless the petition is sustained in the county court, and even then the entire cause is not removed to the appellate court, nor does the appeal operate as a *supersedeas* of the judgment of the county court. [Sec. 10440, R. S. 1909; State ex rel. v. Wiethaupt, 238 Mo. 155.] In such case it may well be said that such jurisdictional facts should appear of record in the county court. On the other hand, either party is entitled to an appeal in a private road case, from any judgment or order of the county court not expressly prohibited by law (Sec. 3956, R. S. 1909; Colville v. Judy, 73 Mo. 651; State ex rel. v. Wiethaupt, supra), and the effect of such an appeal (Sec. 4091, R. S. 1909) is that the "appellate court shall thereupon be possessed of such cause, and shall proceed to hear and determine the same anew, and in the same manner as if such cause had originated in such appellate court, without regarding any error, defect or informality in the proceedings of the county court." A consideration of these several provisions makes it apparent that in a private road case the county court, by its judgment, might cut off the proceedings in that court before the petitioner reached the stage of making proof of the jurisdictional facts, or might, after hearing the evidence, make an adverse finding as to such facts. And it would be a most unreasonable construction of the law to hold that although an appeal from such judgment would remove the case to the circuit court for trial *de novo*, yet because proof of certain jurisdictional facts and a finding accordingly were not shown

by the record of the lower court, the appellate court was without jurisdiction of the cause. The statute (Sec. 4091, R. S. 1909), in providing that the appellate court shall proceed to hear and determine the case "in the same manner as if such cause had originated in such appellate court," was evidently intended to prevent such an unreasonable result. In appeals from inferior courts, where provision for an unrestricted trial *de novo* is made, it is well-recognized law that the judgment appealed from is vacated, and any finding of fact in the lower court, although of record, does not dispense with proof of such fact on appeal. The case on appeal stands for trial anew, and the appellant has the right, and it is incumbent on him, to make proof of every material fact necessary to entitle him to judgment. Nor is it material at what stage of the proceedings such proof be made, for if made at any stage and a finding to that effect is shown, that is all that is necessary.

In the case of Chandler v. Reading, 129 Mo. App. l. c. 70, discussing this subject, the court said: "As jurisdiction attached to hear and determine the cause by the filing of the petition and the service of notice on defendants, we think it was immaterial at what stage of the proceedings the court found the road proposed was a road of necessity, or that petitioner was an inhabitant of Pike county. It is enough to know that the court found these facts affirmatively at some stage of the proceedings; they were found and are recited in its final judgment; this is sufficient."

For the foregoing reasons we have concluded it was not essential to the jurisdiction of the circuit court that it should have appeared either in the petition or in the record of the county court that the petitioners were inhabitants of this State, and further that the circuit court was possessed of complete jurisdiction to proceed to hear and determine the cause.

State ex rel. v. Roach.

II.   The question remains, Are the relators entitled to a peremptory writ as prayed for?

We have held that the circuit court was possessed of jurisdiction, and as respondent refused to appoint new commissioners and did not proceed with the cause, and as no final judgment from which an appeal would lie was entered, relators are entitled to relief. [State ex rel. Kansas City v. Field, 107 Mo. l. c. 450.] The alternative writ commanded that the respondent "assume jurisdiction of the cause of petitioners in their application for a private roadway of necessity and make an order appointing new commissioners, with like powers and duties as the former commissioners, or to order the former commissioners to again proceed with the duties enjoined upon them in their order of appointment, or show cause" etc.  It is not the function of a writ of mandamus to direct the course of judicial action in a given cause but the writ may issue to compel a respondent clothed with judicial power, to proceed with the cause.   The alternative writ commanded action in excess of that authorized in this proceeding, and therefore a peremptory writ should be issued, commanding respondent, as judge of the circuit court of St. Louis county, to assume jurisdiction of the cause and to proceed in the exercise thereof to final judgment.  It is so ordered.  All concur, except *Woodson, J.,* not sitting.