STATE EX REL. BEN F. PALMER, J. D. JAMES and WILL S. MORGAN, Appellants, v. J. L. ELLIFF, J. E. SELLERS and F. J. CLIFTON, Judges of the County Court of McDonald County, and GROVER C. HAYES, County Clerk.—58 S. W. (2d) 283.

Division Two, March 3, 1933.

*Lon Kelley* and *J. M. Tatum* for appellant.

*J. T. Pinnell* and *A. R. Dunn* for respondents.

COOLEY, C.—Relators, appellants herein, applied for and obtained from the Circuit Court of McDonald County a writ of certiorari to review the record of the county court of said county in a certain proceeding for the establishment of a private road. Upon a hearing the circuit court quashed the writ previously issued by it and relators appealed. The appeal was granted to the Springfield Court of Appeals which transferred the case to this court on the ground that title to real estate is involved. The case comes to the writer on reassignment.

The petition filed in the circuit court by relators for a writ of

certiorari alleges the official character of respondents; that on May 13, 1929, there was commenced before respondents in the county court a proceeding for the establishment of a private road "across the premises of Will S. Morgan and J. D. James for R. C. Parish;" describes the land sought to be taken therefor; alleges that "since the commencement" of said proceedings (time not stated) James' interest in the lands involved had been conveyed to his co-relator, Palmer, and then states the grounds upon which the writ of certiorari is prayed, thus:

"Relators aver that said respondents have taken cognizance of and are proceeding to act in said matter thus brought before them, but that they are therein acting without authority of law and without jurisdiction of the subject matter for the reason that the petition filed in said matter fails to set out the beginning course and termination of said proposed private road as required by law.

"Relators further aver that said proceedings of respondents are altogether outside of the course of the common law and likewise outside of any statutory or judicial proceeding and that no writ of error lies to such proceedings from this or any other court, and no appeal is provided by law or allowed by this or any other court."

It is apparent that relators are not merely contesting the amount of damages awarded or to be awarded in a condemnation proceeding. They challenge the authority and jurisdiction of the county court to proceed with the proposed condemnation and to establish the road under the petition for same which had been presented to it. In effect it may be said they challenge the right of the petitioner, Parish, to have their land taken for the road on the facts stated in the petition. Judgment of the county court establishing the road will give the petitioner an easement in or over relators' lands and directly take from relators that portion of their title. Under the recent decision by Division One of this court in Richter v. Rodgers, 327 Mo. 543, 37 S. W. (2d) 523, and of the court en banc in State ex rel. State Highway Commission v. Gordon, 327 Mo. 160, 36 S. W. (2d) 105, we think title to real estate is involved and that this court therefore has jurisdiction of this appeal.

The petition for a private road presented to the county court by R. C. Parish and which initiated the proceedings in that court states that petitioner is an inhabitant of McDonald County, Missouri, and owns certain described lands situated therein upon which are located his dwelling house and other improvements and upon which he resides: that no public road passes through or touches his said lands and that the road he seeks is a way of necessity; and he asks that a private road twenty feet in width be established, to begin at his premises upon his lands described in the petition and connect with Highway No. 88 at the nearest convenient point thereto,

". . . said proposed private road being more particularly described as follows, to-wit:

"Beginning at the premises of your petitioner near the Southeast corner of the Southwest quarter of the Northeast quarter of Section No. One; Township No. Twenty-one; Range No. Thirty-three, thence in a Northeasterly direction up and along Indian Creek, passing across the Southeast quarter of the Northeast quarter and the Northeast quarter of the Northeast quarter of Section No. One; Township No. Twenty-one; Range No. Thirty-three; thence in a Northerly direction, touching the Northwest corner of the Northwest quarter of the Northwest quarter of Section No. six; Township No. Twenty-one; Range No. Thirty-three, to intersect Highway No. 88; said above described course being identical with the road now being used across said above described lands, the whole length of said proposed private road being approximately three quarters of a mile from the beginning thereof to the ending thereof, all in McDonald County, State of Missouri."

Appellants make no point here nor did they below as to the sufficiency of the notice given to interested landowners of the intended presentation to the county court of the petition for private road. The county court's alleged lack of jurisdiction or right to proceed was predicated on the failure of the petition presented to it "to set out the beginning, course and termination of said proposed private road as required by law." Attending to that complaint we note:

Section 7842, Revised Statutes 1929, pursuant to which the proceeding was instituted, provides in substance that if any inhabitant of the State shall present to the county court a petition setting forth that he or she owns a tract or lot of land in the county or in an adjoining county and that no public road passes through or alongside such land and asking for the establishment of a private road from his or her premises to connect at some convenient point with some public road of the county or a road of the state highway system within the county "and shall describe the place where said road is desired, and the width desired, not exceeding forty feet," the court shall appoint three disinterested commissioners "to view the premises and to mark out the road" and to assess damages to the owners of land through which the road will pass.

Section 7845, Revised Statutes 1929, provides that the commissioners, after taking the required oath, shall view the premises and shall cause a road not exceeding forty feet wide "to be marked out so as to be convenient and to do as little injury as practicable to other persons," and shall make a report to the county court "stating the points of beginning and ending, courses, distances and width of

said proposed road." The further provision of that section relative to assessment of damages is not here involved.

By Section 7846, when the commissioners have reported and the proceedings have been regular and no objections have been made thereto, the county court shall order that the road be established "according to the report." [N. B. The statute does not say the road shall be established according to the petition.]

Section 7847 authorizes the appointment of new commissioners with like powers and duties as those first appointed "if the proceedings be found by the court to be irregular."

We think it manifest from the foregoing statutory provisions that in a proceeding to establish a private road it is not requisite that the petition therefor should set out the points of beginning and termination and the courses and distances with the exactness necessary in a petition for a public road. The statute does not so specify. It requires that the petition shall "describe the place where said road is desired," and the width desired, but it is in the commissioners' report, not the petition, that the statute requires a precise statement of the points of beginning and ending and the courses, distances and width of the road as marked out by the commissioners, and *in accordance with which report* the road is to be established. The statute evidently contemplates that the road need not and may not be located exactly on a line or lines selected by the petitioner. Granting that the petitioner in a proper case has the right to a reasonably convenient and usable outlet to a public road, that should not connote the right to make an arbitrary selection of the exact location and course of such private way if a different location will give him such outlet with less detriment to those over whose land it passes. So the statute provides that the road is to be "marked out"—located—by the commissioners "so as to be convenient and to do as little injury as practicable to other persons." "Other persons" evidently means owners of and persons interested in lands over which the road is to pass. Only such persons and the petitioner are directly interested in the establishment of the road. While by Section 7851 of the statute other persons may use a private road after it has been established they have nothing to say about its establishment. There is not the same reason for precision in describing in the petition the proposed beginning, courses and termination of a private road as in the case of a public road. There are good reasons, as suggested above, why the statute should not be construed to require such precision in the petition. In the petition in this case, in addition to the somewhat indefinite statement of beginning and ending points and the course and direction across two designated forty-acre tracts, the road is described as following Indian Creek and "a road now being used across

said above described lands." Considering the description as a whole we think it well enough.

■ In the petition there is an error in the description of the proposed road which is patently a mistake and seems to have been so treated by relators or to have been unnoticed. No point has been made concerning it either in this court or in the lower court. We mention it for the sake of accuracy. It is this: After describing the desired road as running in a northeasterly direction up and along Indian Creek across the two designated forties, the description says thence in a northerly direction, touching the northwest corner of the northwest quarter of the northwest quarter of Section No. Six, Township No. Twenty-one, Range No. Thirty-three, etc. (which would be the northwest corner of said Section No. Six). Range No. *Thirty-Two* was obviously intended instead of Range No. Thirty-three. After crossing in a northeasterly direction the two designated forty-acre tracts the road could not go in a northerly direction and touch the northwest corner of Section Six, in Township Twenty-one, Range *Thirty-three*, which is six miles *west*, but it could touch the northwest corner of Section Six in Township Twenty-one of Range *Thirty-two* and obviously the description was so intended. We are inclined to think the description would be sufficient without the designation of the section corner intended to be named. In view of the balance of the description given and the fact that this error was patently a mere mistake which misled no one and seemingly was not even noticed, we think it should be disregarded. See Anderson v. Township Board of Myrtle Township, 75 Mo. 57, where it was held that the circuit court on appeal had the undoubted right to correct a patent mistake in the description in a petition for a public road filed before the Township Board. We consider the petition in this case sufficient to invoke the jurisdiction of the county court.

In Chandler v. Reading, 129 Mo. App. 63, 69, 107 S. W. 1039, it was held that the county court's jurisdiction in a case of this character attached upon the presentation of a sufficient petition and proof of due notice to the defendants, citing Wilhite v. Wolfe, 179 Mo. 472, 78 S. W. 793. The Chandler case was cited with approval in State ex rel. McDermott Realty Co. v. McElhinney, 246 Mo. 44, 45, 151 S. W. 457. As stated above it is not contended in this case that due notice was not given.

■ Respondents contend that since the county court had jurisdiction of the parties and subject-matter relators had a complete and adequate remedy by appeal to the circuit court or by writ of error from that court for any errors the county court may have made in the proceedings and that in such circumstances certiorari cannot be resorted to, wherefore the writ was properly quashed. We agree with that contention.

Relators had the right to appeal from the judgment of the county court to the circuit court and upon such appeal the whole case would have been triable *de novo* in the circuit court. [Secs. 1938, 2088, R. S. 1929; State ex rel. United Rys. Co. v. Wiethaupt, 238 Mo. 155, 142 S. W. 323; State ex rel. v. McElhinney, supra; Richter v. Rodgers, 327 Mo. 543, 37 S. W. (2d) 523.] They might have sued out a writ of error from the circuit court and thus obtained a review of the county court's record in the proceeding. [Richter v. Rodgers, supra.] They did neither.

Certiorari cannot be used as a substitute for appeal or writ of error and where the inferior tribunal has jurisdiction and its action can be reviewed by appeal or writ of error, certiorari will not lie. [State ex rel. Kan. & Tex. Coal Ry. v. Shelton, 154 Mo. 670, 691, 55 S. W. 1008; State ex rel. Iba v. Mosman, 231 Mo. 474, 483, 133 S. W. 38; State ex rel. Baublits v. County Court of Nodaway County, 80 Mo. 500; State ex rel. Combs v. Staten, 268 Mo. 288, 187 S. W. 42.] The latter two cases were road cases in which it was sought to review the proceedings of the inferior tribunal by writ of certiorari and it was held that certiorari would not lie, there being an adequate remedy by appeal.

The principle announced in the above cited cases applies in the instant case. It follows that the circuit court properly quashed the writ of certiorari and its judgment is affirmed. *Westhues* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. *Ellison, P. J.,* and *Tipton, J.,* concur; *Leedy, J.,* not sitting.